Commonwealth *v.* Holm, Appellant.

Argued December 5, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Paul Laskow,* Assistant Public Defender, for appellant.

*Peter F. Schenck,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 31, 1975:

This appeal arises from the lower court's sentencing the appellant, Peter Holm, to a term of six to twenty-three months, after a hearing at which Mr. Holm was found to have violated a condition of his probation. Appellant now contends that: (1) The court acted beyond its power in attaching conditions to appellant's probation; (2) The court must find that appellant's violation of a condition of his probation was willful; and that the evidence produced at the hearing was insufficient to establish a willful violation.

Peter Holm, although he has been domiciled in the United States since 1953, is a Danish national. Prior to December, 1971, Mr. Holm was self-employed as a travel agent providing the customary service of arranging tours for individuals or groups. His business was apparently floundering when he made the regrettable decision to turn escrow funds earmarked for a tour to his private use. When the time for expenditure of the monies for their intended purpose arrived, he was unable to replenish the fund. He subsequently was indicted for, and pleaded guilty to, the crime of cheating by fraudulent pretenses under the Penal Code.[1] After studying Mr. Holm's history, character, and circumstances the court determined that he should not be incarcerated provided that he agree to make restitution of the $6,400 he had "embezzled," and pay the costs of prosecution in the amount of $94.26. Mr. Holm agreed; and therefore, on December 14, 1971, the court ordered that Mr. Holm be placed on probation for three years, conditioned upon his making full restitution within two years, and his paying the costs within three months.

On March 19, 1973, the Commonwealth petitioned for an order revoking Holm's probation. The basis for the petition was Mr. Holm's failure to pay the costs of the

---

1. Act of June 24, 1939, P.L. 872, § 836, 18 P.S. § 4836.

prosecution, or make any payments toward restitution. Mr. Holm, who·was then residing in Connecticut, resisted extradition so that the matter did not come to a hearing until July, 1974. After the hearing, the court revoked Mr. Holm's probation and imposed the aforementioned sentence.

I.

Appellant's first contention, that the court was without power to impose the conditions of payment of costs and restitution, is without merit. While it is true that the Act of August 6, 1941, P.L. 861, § 25, 61 P.S. § 331.25 (1964), which the court relied upon in establishing appellant's probation, does not expressly grant to the courts the power to impose such conditions,[2] such powers are granted elsewhere. Thus, the Acts of May 10, 1909,[3] and June 19, 1911,[4] both grant the courts of the Commonwealth the power to suspend sentence and place an individual on probation, attaching "such terms and conditions . . . as [they] may deem proper." Appellant contends, however, that the Act of 1941 should be construed as having repealed the Acts of 1909 and 1911, and that the power to set terms and conditions of probation may not

---

2. Section 331.25 provides: "Probation by court in lieu of sentence—Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence to imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed."

3. P.L. 495, § 1, 19 P.S. § 1081 (1964).

4. P.L. 1055, § 1, as amended May 7, 1925, P.L. 554, No. 297, § 1, 19 P.S. § 1051 (1964).

be read into the Act of 1941 by implication. We need not reach the second part of appellant's thesis for we find no merit in the first.

This Court stated in *Commonwealth v. Peterson,* 172 Pa. Superior Ct. 341, 345 (1953) : "In lieu of sentencing the defendant in the present case the court well might have placed him on probation for a definite period on condition that he pay the prosecutrix's doctor bill and her attorney fee, without affecting the validity of the order. *The provision in the 1911 Act, as amended, authorizing the court to impose such terms and conditions to the probation order was not repealed by the 1941 Act."* In *Commonwealth v. Ferguson,* 201 Pa. Superior Ct. 649 (1963), this Court reiterated that a restitutionary condition may be imposed despite the fact that the probation was technically entered pursuant to the 1941 Act.

The reason for the redundance created by the 1941 Act is that the 1941 Act gives the court the option of placing the supervision of a defendant's probation in the hands of the parole board, an authorization which was not present in the Acts of 1909 and 1911. *Commonwealth v. Kates,* 452 Pa. 102 (1973). The acts therefore are consistent and complementary. *Id.* at 111. And, the trial court did not exceed its power in attaching the conditions.

## II.

Appellant's contention that the Commonwealth must show, and the hearing court must find, that appellant's failure to pay the costs of prosecution and make restitution was willful, also is without merit.[5] The argument

---

5. The Commonwealth originally filed for extradition of Mr. Holm simply on the basis of his having failed to pay costs, because at that time two years had not elapsed since the trial. Therefore, Mr. Holm was not then in violation of the restitution order. Of course, because Mr. Holm resisted extradition for more than a year, by the time of the revocation hearing, the restitution order had also been disobeyed. In this part of the opinion in the instant appeal

rests upon the Supreme Court cases of *Tate v. Short,* 401 U.S. 395 (1971); *Williams v. Illinois,* 399 U.S. 235 (1970); and *Griffin v. Illinois,* 351 U.S. 12 (1956). Broadly stated, those cases clearly established that punishment in lieu of payment of fines is unconstitutional, as an infringement of the Equal Protection Clause, if the court does not consider, and make a reasonable allowance for, the defendant's economic situation prior to incarcerating him. Although in those cases the indigency of the appellants was admitted, so that the question of what burden of proof rests with whom to establish or rebut indigency was not reached, appellant herein relies upon language in a footnote to *Williams* which allows: "We wish to make clear that nothing in our decision today precludes imprisonment for willful refusal to pay a fine or court costs." 399 U.S. at 242, n. 19. The subsequent decision of *Tate v. Short* explained, however, that there is no "constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so." 401 U.S. at 400. Thus, a mere lack of diligence in meeting monetary obligations attached by the court is sufficient to support an order of incarceration. Furthermore, while indigency may not be punished so that the poverty stricken receive harsher punishment for the same offense than those whose economic lot is better, the Constitution does

---

we examine only the propriety of revoking probation for failure to pay the costs of prosecution, and do not mean to imply that the equal protection considerations which apply to the payment of costs and fines are equally applicable to restitutionary orders. We do note in passing, however, that restitution of aggrieved parties bears upon the social harm resulting from the defendant's criminal conduct. By thus mitigating the damage suffered by his victims, the defendant mitigates the punishment which should be provided because of the lesser social harm resulting from his conduct. If the courts did not consider a failure to make restitution in setting sentence, the law would inversely discriminate against non-indigents, for they would receive the same punishment as indigents despite the lesser gravity of their offense. See *Williams v. Illinois,* infra.

not require that indigents go free where persons well-favored economically would have to pay, for such treatment "would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction." 399 U.S. at 244. Indeed, imprisonment of the indigent may even be permissible despite the indigent's "reasonable efforts to satisfy the fines." *Tate v. Short*, 401 U.S. at 401. Thus, appellant errs when he charges that a willful failure to pay a fine is necessary to support an order revoking probation.

On the question whether it is the Commonwealth's burden to show that a probationer is able to pay an order of costs, we also find appellant's argument erroneous. In *Commonwealth ex rel. Benedict v. Cliff*, 451 Pa. 427 (1973), the Supreme Court held that the obligation to show indigency rests with the defendant. Therein the Court stated: "[W]e hold that the appellants must be given the opportunity to establish that they are unable to pay the fine. Upon a showing of indigency, the appellants should be allowed to make payments in reasonable installments." *Id.* at 434.

Obviously, appellant was given a reasonable opportunity to pay the rather modest costs of prosecution in the instant case. The original order allowed appellant ninety days to raise the sum of $94.26. Furthermore, the Commonwealth did not seek enforcement of the order for well over a year. During that period of time appellant made no payments on account of the order, nor did he advise the authorities of the reasons for his failure to do so. The court, on the other hand, found the appellant to be a well-educated and well-spoken man who doubtless could have found the wherewithal to meet his obligations had he so desired. Indeed, when ultimately confronted with the loss of his freedom at the hearing, appellant tendered $1500 as a part payment on his debt. The court therefore justi-

fiably concluded that appellant was not diligent in seeking to comply with its order and revoked his probation. We see no reason on these facts to interfere with the court's exercise of its discretion.

Judgment of sentence is affirmed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

---

CONCURRING OPINION BY SPAETH, J.:

I join Part I of Judge CERCONE'S opinion. I do not join Part II but concur in the result reached there. As I understand Part II, it holds that the Commonwealth did not have to show, and the hearing judge did not have to find, that appellant's failure to meet the conditions of his probation was wilful. In *Commonwealth v. Rooney*, 233 Pa. Superior Ct. 225, 335 A.2d 710 (1975), we left open the question whether probation could be revoked for less than wilful conduct. I would still leave it open, for in my view the Commonwealth did show that appellant's conduct was wilful.

HOFFMAN, J., joins in this opinion.