## Commonwealth v. Ramsey

*Kevin A. Hess, First Assistant District Attorney,* for Commonwealth.

*Ellen M. Burgraff, Public Defender,* for defendant.

SHUGHART, *P.J.,* November 29, 1979— Defendant appeals from a court order of October 30,

1979 revoking a prior order suspending sentence and sentencing him to prison for three to six months, based upon the following sequence of events. On May 16, 1979 defendant entered a guilty plea to hindering apprehension and sentence was deferred. On July 31, 1979 defendant received a suspended sentence on condition that he pay the sum of $50 and court costs of $81.29 and remain on good behavior. On October 19, 1979 a petition for revocation of suspended sentence was filed by Stewart G. Graham, defendant's probation officer. A hearing was held on October 30, 1979 which resulted in the sentence from which this appeal is taken.

First, defendant contends that the condition of payment of the fine and costs was vague because no payment schedule was established setting forth a specific time within which payment was to be made. Although a payment schedule is normally established by a probation officer for a defendant, one was not arranged in this situation because defendant had no history of steady employment. Instead, Graham arranged for bi-monthly contact with defendant as a means of monitoring employment status as well as ability to pay the fine and costs. The arrangement provided defendant with a flexible opportunity to pay the fine and costs contingent upon his employment. This was certainly agreeable to him when he signed a conditions of parole or probation form on July 31, 1979 (Commonwealth Exhibit 1). Defendant cannot now be heard to complain that the terms arranged for his benefit and to which he agreed should have been more strict.

Second, defendant contends that the evidence adduced at the revocation hearing on October 30,

1979 is insufficient as a matter of law, alleging that (1) the Commonwealth failed to show non-indigency, (2) failure to pay within 60 days does not violate the condition, and (3) the requirements of section 1371(c) of the Sentencing Code, 18 Pa.C.S.A. §1301 et seq., have not been met.

Under the Sentencing Code an order of probation may be revoked "upon proof of the violation of specified conditions of the probation." 18 Pa.C.S.A. §1371(b). One of the conditions of defendant's suspended sentence was that he pay a fine and costs. For three months the probation officer repeatedly contacted defendant by letter and telephone to obtain payment. On October 19, 1979 Graham presented the petition for revocation of suspended sentence, citing as reasons defendant's violation of special conditions by failure to pay the fine and costs and by failure to abide by the reporting arrangements as contracted between Graham and defendant.

Revocation of the suspended sentence and impostion of sentence from three to six months was pursuant to section 1371(b) for violation of special conditions including nonpayment of the fine and costs: Com. v. Mallon, _____ Pa. Superior Ct. _____, 406 A. 2d 569 (1979). Contrary to defendant's contention, the burden of showing indigency in such actions rests with the defendant: Com. v. Holm, 233 Pa. Superior Ct. 281, 335 A. 2d 713 (1975). Section 1372 of the Sentencing Code dealing with contempt for nonpayment of a fine creates a Commonwealth burden, but the section is inapplicable here.

Graham waited from July 31, 1979 to October 19, 1979 before filing the revocation petition, a period of time substantially longer than the 60 days de-

fendant alleges elapsed. "[M]ere lack of diligence in meeting monetary obligations attached by the court is sufficient to support an order of incarceration." 233 Pa. Superior Ct. at 286, 335 A. 2d at 716.

Defendant's argument that the evidence is insufficient to satisfy the requirements of 18 Pa.C.S.A. §1371(c) is similarly without merit. Section 1371(c) provides in pertinent part: "The court shall not impose a sentence of total confinement upon revocation unless it finds that: . . . (3) such a sentence is essential to vindicate the authority of the court."

The evidence shows that a rigid payment schedule was not established in order to provide defendant with the opportunity to work out payment contingent upon his employment status and that defendant thwarted the probation officer's efforts to effect compliance with all conditions of the suspended sentence even after defendant had secured employment. By so comporting himself, defendant thumbed his nose at Graham and at this court. To sentence defendant to anything less than total confinement would be to applaud defendant's actions and to derogate the authority of the court: Com. v. Mallon, supra.

Third, defendant mistakenly contends that the Pennsylvania Rules of Criminal Procedure require a statement of reasons for the revocation to appear on the record. Neither Pa.R.Crim.P. 1405 nor Pa.R.Crim.P. 1409 creates a requirement to place on the record a statement of the reasons for revocation. A reading of the entire record in the instant case shows violations of the conditions of the suspended sentence. The revocation of suspended sentence is a clear finding of the violation of conditions. More explicit reasons are not required.

Finally, defendant contends that prejudicial

error occurred in the admission of hearsay testimony at the hearing. Graham testified:

"In the, conversation with his [defendant's] grandmother she had indicated Mike had moved from the residence and she did not know of his whereabouts."

Even if the testimony was admitted without a showing of good cause for not allowing confrontation, Herring v. Board of Probation and Parole, 39 Pa. Commonwealth Ct. 156, 394 A. 2d 1082 (1978), no prejudice to defendant ensued. The location of defendant during a brief period of time was not relied upon in determining that defendant had violated the conditions of the suspended sentence: Com. v. Riley, 253 Pa. Superior Ct. 260, 384 A. 2d 1333 (1978).