511 A.2d 894

Adolph Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, et al., Respondents.

Argued May 12, 1986, before Judges MacPhail and Colins, and Senior Judge Barbieri, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender of Huntingdon County, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondents.

Opinion by Senior Judge Barbieri, June 20, 1986:

Adolph Johnson, Petitioner, appeals here an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. That revocation order affirmed a prior Board revocation order which recommitted him as a technical parole violator to serve eighteen months on backtime and also revoked his parole as a convicted parole violator and recommitted him to prison to serve eighteen months on backtime, for a total of thirty-six months on backtime.

The following facts are pertinent. Johnson was originally sentenced in the Court of Common Pleas of Phila-

delphia County to a term of three to ten years following his conviction for the offense of Robbery.[1] That sentence carried a minimum term expiration date of September 5, 1982 and an original maximum term expiration date of September 5, 1989. The Board granted him parole on that sentence effective February 24, 1983, at which time he was released from confinement.

On November 7, 1983, Johnson was arrested by Philadelphia Police Officers after being found in possession of a .38 caliber Colt revolver and charged with Carrying a Firearm Without a License,[2] Carrying a Firearm on Public Streets or Public Property,[3] and Carrying a Firearm Without a License in a Vehicle.[4] He posted bail on these charges the following day and was released from confinement. Subsequent to his release on bail, Johnson failed to keep in contact with his parole agent and the Board took action to declare him in absconder status effective November 22, 1983. On February 18, 1984, he was again arrested by Philadelphia Police who found him on a public street with a fully loaded .22 caliber gun in his belt. Bail was set at twenty-five thousand dollars for the charges stemming from that arrest; which he did not post and he remained incarcerated. The Board lodged its warrant and detainer against him on February 19, 1984. On May 17, 1984, Johnson appeared in Philadelphia Municipal Court and was found guilty of the firearms charges stemming from the November 7, 1983 arrest.[5] He appealed that conviction to Philadelphia County Common Pleas Court and was given a *de novo* trial on November 9, 1984. Between

---

[1] 18 Pa. C. S. §3701.

[2] 18 Pa. C. S. §6106(a).

[3] 18 Pa. C. S. §6108.

[4] 18 Pa. C. S. §6106(a).

[5] The criminal charges stemming from the February 18, 1984 arrest were eventually dismissed.

the appeal of his municipal court conviction and his *de novo* trial in common pleas court, Johnson was afforded a parole Violation Hearing at the Philadelphia House of Corrections on September 11, 1984 regarding technical parole violations. On October 9, 1984, the Board issued a revocation order which revoked his parole as a technical parole violator for violating general condition 3B[6] and two counts of violating general condition 5B[7] of his parole and mandated that he serve eighteen months backtime for the technical parole violations. The Board reaffirmed this order on December 3, 1984 and set a re-parole date for Johnson. He was found guilty in common pleas court of Carrying Firearms on Public Streets or Property by Judge MICHAEL R. STILES who sentenced him to five years probation on January 8, 1985.

The Board afforded Johnson a parole Revocation Hearing before a Board Hearing Examiner at the Philadelphia House of Correction on January 16, 1985. He waived counsel representation at that time and proceeded to represent himself. His parole agent submitted a certified copy of a Philadelphia County Criminal Court Docket Sheet which indicated that Johnson had been convicted of Carrying Firearms on Public Streets or Property and Johnson admitted the conviction on the record. Johnson challenged the propriety of that hearing arguing that he had already been recommitted by the Board as a technical parole violator for possession of the firearm and that the January 16, 1985 hearing was untimely. The hearing examiner dismissed

---

[6] General parole condition 3B requires that parolees report any arrest within seventy-two hours to the parole supervision staff. *See* 37 Pa. Code §63.4(3)(ii).

[7] General parole condition 5B mandates that parolees refrain from owning or possessing any firearms or other weapons. *See* 37 Pa. Code §63.4(5)(ii).

both of his objections and on March 5, 1985, the Board reaffirmed its revocation order of December 3, 1984 which recommitted him as a technical parole violator to serve eighteen months on backtime and further ordered him recommitted as a convicted parole violator to serve an additional eighteen months on backtime for a total of thirty-six months on backtime. Johnson filed a *pro se* petition for administrative relief pursuant to 37 Pa. Code §71.5(h) which was denied on June 12, 1985. He then filed a timely *pro se* petition for review with this Court. Appointed counsel filed an amended petition for review on Johnson's behalf.[8]

In this appeal, Johnson contends that: (1) the Board failed to provide him with a timely parole Revocation Hearing as required by 37 Pa. Code §71.4(2); and (2) the Board was without authority to recommit him as a technical violator for possession of a firearm when he was later convicted of the criminal offense of carrying a firearm on a public street or property. Of course, our scope of review of a Board parole revocation order is limited to determining whether necessary findings of the Board are supported by substantial evidence, an error of law committed, or whether any of the parolee's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

---

[8] Counsel was appointed for Johnson under the mandate of *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981). Since he was incarcerated at the State Correctional Institution at Huntingdon, in Huntingdon County, the Huntingdon County Public Defender's Office was responsible for providing him with legal representation. *Brewer v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985).

Johnson initially argues that the Board violated his procedural due process rights by failing to provide him with a parole revocation hearing within 120 days of his new conviction as required by 37 Pa. Code §71.4(2). The gravamen of his argument is that the date from which the 120 day period commences is May 17, 1984, the date of his municipal court conviction, not November 9, 1984, the date on which he was convicted in Philadelphia County Common Pleas Court. If the 120 day period commenced on May 17, 1984, the parole Revocation Hearing held on January 16, 1985 would be untimely and he would be entitled to a dismissal with prejudice of the parole violation charge of sustaining a new criminal conviction while serving a parole term. *Cf. Capers v. Pennsylvania Board of Probation and Parole*, 42 Pa. Commonwealth Ct. 356, 400 A.2d 922 (1979) (where Board fails to provide parolee with parole Violation Hearing within 120 days of the preliminary hearing the parolee is entitled to a dismissal with prejudice of the parole violation charges).

We are satisfied, however, that the Board correctly determined that the November 9, 1984 conviction date was the correct date for commencing the 120 day period of 37 Pa. Code §71.4(2) and that, therefore, the January 16, 1985 Revocation Hearing at the Philadelphia House of Correction was timely. While the record clearly supports Johnson's contention that he was convicted in Philadelphia Municipal Court of firearms charges on May 17, 1984, he filed an appeal of that conviction with the Philadelphia County Common Pleas Court. Section 1123 of the Judicial Code, 42 Pa. C. S. §1123, provides that appeals to the Philadelphia County Common Pleas Court from the Philadelphia Municipal Court are *de novo*. The effect of Johnson's appeal, then, was to vacate the municipal court conviction. Therefore, upon his appeal to common pleas court, his municipal court convic-

tion became inconsequential to the Board and it correctly awaited the outcome of his common pleas trial prior to scheduling a Revocation Hearing.[9] The hearing provided Johnson on January 16, 1985 was well within 120 days from the date of his common pleas court conviction and, therefore, timely.

Johnson's second contention is that the Board improperly recommitted him both as a technical parole violator and as a convicted parole violator for the same conduct. This, he contends, the Board was without the statutory authority to do under our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). In *Rivenbark,* our Supreme Court construed Section 21.1(b) of the Act of August 6, 1941 (Parole Act), P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(b), as withholding from the Board the power to recommit to prison parolees as technical parole violators based on conduct which also forms the basis of a criminal conviction. *See also Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985). It is also a well-established principle of administrative law that an agency, such as the Board, can only exercise those powers which have been conferred upon it by the General Assembly in clear and unmistakable language. *See Department of Environmental Resources v. Butler County Mushroom Farm,* 499 Pa. 509, 454 A.2d 1 (1982); *Pennsylvania Human Relations Commission v. St. Joe Minerals Corporation, Zinc Smelting Division,* 476 Pa. 302, 382 A.2d 731 (1978). We have already held that the holding in *Riven-*

---

[9] Of course, were Johnson to have withdrawn his appeal, the municipal court conviction would have been reinstated. The 120 day period in that event would have commenced on the date that the common pleas court appeal was withdrawn and the municipal court conviction was reinstated.

*bark* be given retroactive effect. *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986).

The Notice of Charges and Hearing, Board form PBPP-340, which advised Johnson of his September 11, 1984 parole Violation Hearing at the Philadelphia House of Correction, reads as follows with respect to the asserted parole violation that he was in possession of a firearm:

> *Condition # 5b, you shall refrain from owning or possessing any firearm or other weapon;*
> You were arrested by Philadelphia Police on 11-7-83 and 2-18-84 in possession of a firearm (2 counts).

The Board's revocation order dated October 9, 1984,[10] which imposed eighteen months backtime for technical parole violations specified that it recommitted petitioner for two counts of violating condition 5B, one count for the arrest of November 7, 1983 and one count for the arrest of February 18, 1984. It was Johnson's arrest of November 7, 1983 which formed the basis of his subsequent conviction for Carrying a Firearm on a Public Street or Property and it was clearly outside of the grant of authority to the Board to recommit him as a technical parole violator for possessing a firearm on November 7, 1983. *Rivenbark.*

The Board, however, attempts to distinguish the factual circumstances here from those in *Rivenbark* emphasizing that at the time it recommitted Johnson as a technical parole violator for his possession of a firearm

---

[10] The Board reaffirmed the action it took with respect to the technical parole violations in its orders of December 3, 1984 and March 5, 1985. For simplicity's sake, we shall refer to the Board's revocation order dealing with the technical parole violations as the order of October 9, 1984.

on November 7, 1983, he had not yet been convicted in common pleas court and it had the authority, at that time, under Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b), to base a technical parole violation on that conduct. The Board calls our attention to language used by Justice (now Chief Justice) NIX in *Commonwealth v. Brown*, 503 Pa. 514, 469 A.2d 1371 (1983), wherein Justice NIX wrote that it was permissible for the Commonwealth to move to revoke probation on the basis of asserted criminal conduct prior to the time the defendant stood trial in criminal court on those charges. *Id.* at 527, 469 A.2d at 1377. This argument, we believe, is based on an erroneous interpretation of the Supreme Court's opinion in *Brown*. The *Brown* case dealt with the Commonwealth's attempt to revoke probation on the basis of asserted criminal activity *after* the probationer had already been *acquitted* of that criminal charge in court. In that context, Justice NIX wrote that the Commonwealth could have easily avoided the collateral estoppel problem encountered there by holding the probation revocation hearing prior to the criminal trial, thus avoiding the higher standard of proof which prevails at a criminal trial. Here, we are concerned with a Commonwealth agency whose power and authority to recommit parole violators is expressly conferred and limited by statute. The Parole Act delineates two cases wherein the Board may return a parole violator to prison. The first, found in Section 21.1(a) of the Parole Act, 61 P.S. §331.21a(a), deals with parolees who commit crimes while on parole of which they are subsequently convicted. This is the type of conduct which was at issue in *Brown* and the General Assembly specifically required that a conviction, plea of guilty or *nolo contendere* be a prerequisite to the Board's power to recommit a parolee as a convicted parole violator for asserted criminal conduct. *Brown*, 503 Pa. at 527, n.6,

469 A.2d at 1377, n.6. The other case, found in Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b), deals with parolees who violate the terms and conditions of their paroles, other than by the commission of a new crime of which the parolee is convicted. Therefore, while the Board can recommit parolees under Section 21.1(b) for conduct which does not constitute a criminal offense, *see Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980), once that conduct constitutes a criminal offense of which the parolee is convicted, the Board loses its power to recommit the parolee as a technical parole violator under Section 21.1(b) and must recommit the parolee, if the Board so chooses, as a convicted parole violator under Section 21.1(a). The General Assembly has clearly withheld the authority for the Board to recommit a parolee both as a convicted and a technical parole violator for the same conduct.

While the Board could properly conduct a Violation Hearing and recommit Johnson as a technical parole violator based upon his possession of a firearm on November 7, 1983 *prior* to his conviction in common pleas court on November 9, 1984, upon his conviction, the Board lost that power and was required to vacate that portion of his recommitment which was based upon that conduct and proceed to recommit him, if at all, as a convicted parole violator based upon the new conviction. *Rivenbark*. Accordingly, that portion of the Board's order which recommitted Johnson as a technical parole violator based on his arrest of November 7, 1983 for possession of a firearm must be reversed.

Our conclusion that the Board was without the authority or power to recommit Johnson as a technical parole violator for his possession of a firearm on November 7, 1983 does not, however, require us to remand this matter back to the Board. It is also clear from the record that the other count of possession of a firearm,

based upon the arrest of February 18, 1984, is valid and well within the Board's authority in that the conduct surrounding this arrest did not form the basis of a new conviction. That technical parole violation is supported by substantial evidence which consists of the first-hand testimony of Philadelphia Highway Patrolman Lawrence Nodiff who testified that he and his partner arrested Johnson on February 18, 1984 at which time Johnson had a loaded .22 caliber pistol in his possession. In addition, the backtime imposed by the Board for the multiple technical violations, eighteen months, is within the Board's published presumptive range of six to eighteen months dealing with multiple technical parole violations which include a violation of condition 5B.[11] *See* 37 Pa. Code §§75.3(e) and 75.4. We have previously held that where the backtime imposed by the Board is within its published presumptive ranges, we will not interfere with the Board's discretion in mandating backtime for parole violations. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). Additionally, in its revocation order of October 9, 1984, the Board also listed an aggravating factor, poor adjustment, which would have provided it with the justification to exceed the presumptive ranges in imposing backtime. *See* 37 Pa. Code §§75.1(c) and 75.3(c); *Corley v. Pennsylvania*

---

[11] We have on several occasions in the past expressed our grave concern with parolees being in possession of firearms and that we can think of no circumstances where a parolee would be justified in possessing a weapon. *See Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 313, 323 n.11, 502 A.2d 277, 281 n.11 (1985); *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 372, 487 A.2d 90, 98 (1985). This is especially true where the weapon that the parolee is found in possession of is an illegal weapon, such as the sawed-off shotgun in *Nickens,* or an easily concealed handgun, as is the case here and in *O'Hara.*

*Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). Therefore, while we reverse that portion of the Board's October 9, 1984 order which recommits Johnson as a technical parole violator based upon his possession of a firearm on November 7, 1983, we affirm the remainder of that order, and the orders of December 3, 1984 and March 5, 1985, which reaffirm the imposition of eighteen months backtime for the technical parole violations and impose an additional eighteen months backtime for the new conviction.[12]

ORDER

NOW, June 20, 1986, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 2896-J, dated June 12, 1985, is hereby affirmed insofar as it denied administrative relief to Petitioner, Adolph Johnson, from the Board's revocation order of March 5, 1985 which recommitted Petitioner as a convicted parole vio-

---

[12] While this Court normally exercises great restraint in criticizing the briefs submitted to it in appellate matters, the briefs submitted by counsel for both the Board and the parolee in this case were so deficient and so lacking in relevant factual arguments and citation to relevant and pertinent case law that criticism is warranted. Pennsylvania Code of Professional Responsibility EC 6-1 requires that a lawyer should act with competence and proper care in representing clients and should strive to become and remain proficient in his or her practice. Pennsylvania Code of Professional Responsibility DR 6-101(2) mandates that a lawyer shall not handle a legal matter without preparation adequate in the circumstances. In our view, adequate preparation includes sufficient legal research prior to the preparation of appellate briefs so that the briefs present relevant and pertinent case law applicable to the factual circumstances presented by the appeal. The failure of counsel to do so here does a disservice both to their respective clients and to this Court. We admonish counsel for both the Board and the parolee to bring their performance up to a level which is acceptable under the Pennsylvania Code of Professional Responsibility.

lator and insofar as that order of March 5, 1985 reaffirmed the order of October 9, 1984 which imposed eighteen months backtime upon Petitioner for technical parole violations. That portion of the order of October 9, 1984 which recommits Petitioner for a violation of parole condition 5B based upon Petitioner's arrest of November 7, 1983 is hereby reversed.