521 A.2d 978

Gregory Kilpatrick, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 27, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Kimberly Hamilton,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, February 27, 1987:

Gregory Kilpatrick (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) which denied Petitioner's request for administrative relief from two Board parole revocation orders recommitting him to serve a total of 30 months on backtime.

Petitioner was sentenced in 1979 to two concurrent terms of three to ten years for burglary and related offenses. He was released on parole on January 19, 1982. On January 30, 1985, Petitioner was arrested and charged with two counts each of possession of cocaine,[1] possession with intent to deliver[2] cocaine and criminal conspiracy.[3] The Board lodged a detainer against him and held a timely violation hearing on April 9, 1985 pursuant to 37 Pa. Code §71.2. Petitioner was recommitted on May 3, 1985 to serve 24 months on backtime as a technical parole violator (TPV) for violating condi-

---

[1] Section 13 of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 1048, *as amended,* 35 P.S. §780-113(16).

[2] 35 P.S. §780-113(30).

[3] Section 903 of the Crimes Code, *as amended,* 18 Pa. C. S. §903.

tion 5(a)[4] of his parole (relating to possession of narcotics).[5]

On July 15, 1985, Petitioner entered a plea of nolo contendere to one count of possession with intent to deliver cocaine stemming from the January 30, 1985 charges. He was sentenced on September 6, 1985. Pursuant to 37 Pa. Code §71.4, the Board held a revocation hearing on November 26, 1985 based on Petitioner's July 15, 1985 plea. Conviction of possession with intent to deliver carries a presumptive range for recommitment of 9-12 months,[6] however the Board ordered only a 6 month recommitment, citing the previous 24 month TPV recommitment order as a mitigating factor.

Our scope of review for Pennsylvania Board of Probation and Parole orders is limited to whether there has been an error of law, whether the Board's factual findings are supported by substantial evidence and whether there has been any constitutional violation. *Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 302, 509 A.2d 438 (1986).

Section 21.1 of the Parole Act[7] grants to the Board the authority to recommit a parole violator. In *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), the Supreme Court of Pennsylvania held that, as a matter of statutory construction, the Board has no authority to recommit a parolee as a TPV for an act which constitutes a new crime of which he is convicted. Furthermore, in a recent deci-

---

[4] 37 Pa. Code §63.4(5)(ii).

[5] Petitioner's request for administrative relief from this order was denied by the Board. Petitioner appealed to this Court, and we affirmed the Board in an unpublished opinion filed June 27, 1986 at No. 1769 C.D. 1985.

[6] 37 Pa. Code §75.2.

[7] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a.

sion involving a fact pattern similar to that in the instant appeal, this Court stated:

> [W]hile the Board can recommit parolees under Section 21.1(b) for conduct which does not constitute a criminal offense, . . . once that conduct constitutes a criminal offense of which the parolee is convicted, the Board loses its power to recommit the parolee as a technical parole violator under Section 21.1(b) and must recommit the parolee, if the Board so chooses, as a convicted parole violator under Section 21.1(a).

*Johnson v. Pennsylvania Board of Probation and Parole*, 98 Pa. Commonwealth Ct. 294, 303, 511 A.2d 894, 898-99 (1986) (citation omitted). Hence, the Board must reverse any previously ordered TPV recommitment which is based on actions for which a parolee is subsequently convicted. *Id.* at 303, 511 A.2d at 899. Accordingly, we reverse the order of the Board of May 3, 1985.

The only remaining issue is whether the Board's six month CPV recommitment order of January 13, 1986 should be reversed because the mitigating factor cited by the Board no longer exists.

Regulations governing the presumptive ranges for recommitment of parole violators are found in 37 Pa. Code §§75.1-4. In pertinent part, the Code states: "The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given." 37 Pa. Code §75.1(c). The mitigating factor cited by the Board against the 9-12 month presumptive range for the crime no longer exists, and therefore the order contains no written justification for deviating from the presumptive range. Accordingly, we remand this matter to the Board for recomputation of the Petitioner's period of recommitment.

### ORDER

AND NOW, February 27, 1987, the decision of the Board of Probation and Parole dated January 13, 1986 in the above-captioned matter is (1) reversed to the extent that it affirms the May 3, 1985 order and (2) is affirmed in so far as it recommits Petitioner as a convicted parole violator. The case is remanded to the Board for recomputation of backtime based on Petitioner's status as a convicted parole violator.

Jurisdiction relinquished.