524 A.2d 1053

Jerome Lawson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 3, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

428

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellant Division, and *Melaine S. Rothey,* Appellant Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 24, 1987:

In this parole revocation appeal, Petitioner, Jerome Lawson, appeals here an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board parole revocation order. That revocation order revoked his parole as a technical parole violator and recommitted him to prison to serve the entire remaining balance of his unexpired term. We modify and affirm.

Lawson was initially sentenced to a term of five to ten years by the Court of Common Pleas of Beaver County as a result of his conviction for Rape[1] and Simple Assault.[2] The Board last paroled him on this sentence on March 20, 1985, at which time he was re-

---

[1] 18 Pa. C. S. §3121.
[2] 18 Pa. C. S. §2701.

leased from the State Correctional Institution at Huntingdon (SCI-Huntingdon) to a plan in Aliquippa, Pennsylvania.

On March 6, 1986, Lawson turned himself into the Aliquippa Police at which time he was arrested as a parole violator and confined in the Beaver County Jail. The Board charged him with violating several conditions of his parole.[3] A parole Violation Hearing was held before a board hearing examiner on June 3, 1986, at the Beaver County Jail. As a result of that hearing, on July 2, 1986, the Board recorded an order revoking his parole and recommitted him to serve the balance of his unexpired term. A petition for administrative relief was filed pursuant to 37 Pa. Code §71.5(h) which was denied by the Board on August 25, 1986. He then filed a petition for review with this Court, pro se. As he was confined in the Western Diagnostic and Classification Center at SCI-Pittsburgh at that time, we appointed the Public Defender of Allegheny County to represent him in this appeal. *See* Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended,* 16 P.S. §9960.6(a)(10); *Brewer v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985); *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981) (en banc). The public defender then filed an amended petition for review on Lawson's behalf

---

[3] The Board charged that Lawson violated his parole by changing his residence without permission, a violation of 37 Pa. Code §63.4(2), failing to report an arrest within seventy-two hours, 37 Pa. Code §63.4(3)(ii), failing to obey all federal, state and local laws, 37 Pa. Code §63.4(4), and failing to pay fines, costs, and restitution. The latter condition was a special condition of parole imposed under the authority granted the Board by Section 23 of the Parole Act, 61 P.S. §331.23. Lawson admitted violating 37 Pa. Code §§63.4(2) and (4) and does not now dispute the validity of those parole violations.

We also recognize that the recomputed maximum term expiration date of Lawson's sentence, March 16, 1987, has since expired. While the expiration of a parolee's maximum term would otherwise render an appeal of a Board parole revocation order moot, we shall proceed to decide the case on the merits on the basis of the importance of the issue of fines, costs and restitution and that of the imposition of backtime, since it is our belief that these issues are of great public importance and capable of repetition. *Commonwealth v. Smith,* 336 Pa. Superior Ct. 636, 486 A.2d 445 (1984); *Carthon v. Pennsylvania Board of Probation and Parole,* 99 Pa. Commonwealth Ct. 147, 512 A.2d 799 (1986); *Appeal of Union Electric Contracting Co.,* 39 Pa. Commonwealth Ct. 584, 396 A.2d 862 (1979).

In this appeal, Lawson contends that (1) the Board's finding he violated 37 Pa. Code §63.4(3)(ii) is unsupported by substantial evidence; and (2) the Board's finding that he violated Special Condition 6 of his parole by failing to pay fines and costs is unsupported by substantial evidence. We shall address these issues in the order stated, cognizant, of course, that our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires this Court to affirm the Board unless necessary findings are unsupported by substantial evidence, an error of law committed, or a constitutional right of the parolee violated. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

General parole condition 3(b), 37 Pa. Code §63.4(3)(ii), requires parolees to maintain contact with the parole supervision staff by reporting an arrest within seventy-two hours. The Board concedes Lawson turned himself into the Aliquippa Police on March 6, 1986, and a parole warrant was filed the following day. The record clearly shows Lawson was not taken into custody prior

to March 6, 1986. Since there was no arrest prior to March 6, 1986, he could not possibly have violated 37 Pa. Code §63.4(3)(ii) by March 7, 1986, the date the parole agent filed the warrant and parole violation charges. Accordingly, we must vacate that portion of the Board's order that finds Lawson violated 37 Pa. Code §63.4(3)(ii) by failing to report an arrest within seventy-two hours.

Lawson's other contention is that the Board erred in finding he violated special condition 6 of his parole, requiring him to pay fines, costs, and restitution. He argues the record shows that he was making every effort within his means to make payments on the outstanding fines, costs, and restitution owed to Beaver County.

Section 23 of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended,* 61 P.S. §331.23, empowers the Board to impose special conditions of parole, in addition to the general conditions of parole applicable to all parolees, upon an individual coming under their jurisdiction where the Board feels the imposition of such a special condition is warranted. In the present case, the Board imposed a special condition upon Lawson's parole requiring that he pay fines, costs, and restitution, which at the time of his release totaled $1,430.08. Requiring a parolee or probationer to pay fines, costs, and restitution has long been an accepted condition of probation and parole in this Commonwealth. *See* Sections 9754(c)(8) and (11) of the Sentencing Code, 42 Pa. C. S. §§9754 (c)(8) and (11); Section 1106 of the Crimes Code, 18 Pa. C. S. §1106; *Commonwealth v. Mourar,* 349 Pa. Superior Ct. 583, 504 A.2d 197 (1986), *petition for allowance of appeal granted,* 511 Pa. 619, 515 A.2d 898 (1986); *Commonwealth v. Balisteri,* 329 Pa. Superior Ct. 148, 478 A.2d 5 (1984); *Commonwealth v. Wood,* 300 Pa. Superior Ct. 463, 446 A.2d 948 (1982). We also recognize that Lawson's obligation to pay fines, costs and res-

titution were imposed by the common pleas court as a part of the sentence for his underlying convictions. The Board has no authority to impose fines, costs or restitution nor does it have the authority to excuse or eliminate the imposition of fines, costs and restitution since the Board is without the authority to alter a judicially imposed sentence. *See Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984). The Board can, however, condition a grant of parole upon a parolee satisfying those monetary obligations already imposed by a court. *Cf.* 42 Pa. C. S., §§9754(c)(8) and (11) (sentencing court may impose as a condition of probation the payment of fines, costs and restitution).

In determining whether a parolee or probationer may have parole or probation revoked for failure to pay court imposed fines, costs and restitution, the court or Board, as the case may be, must take into consideration and make a reasonable allowance for the parolee's or probationer's individual economic situation. *See Tate v. Short,* 401 U.S. 395 (1971); *Williams v. Illinois,* 399 U.S. 235 (1970); *Griffin v. Illinois,* 351 U.S. 12 (1956). In *Tate,* the United States Supreme Court opined that there is no "constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so." 401 U.S. at 400. In *Commonwealth v. Holm,* 233 Pa. Superior Ct. 281, 335 A.2d 713 (1975), our Superior Court recognized that the mere lack of diligence in meeting monetary obligations attached by the court is sufficient to support an order revoking probation.

Here, the Board found that Lawson's four erratic payments of $5.00 each over the period of a year, totaling $20.00, on a total amount owed on fines, costs, and restitution in excess of $1,400.00, was not a good faith effort to comply with the special parole condition re-

quiring him to pay that court imposed monetary obligation. The evidence is undisputed that upon his release, Lawson entered into an agreement with Beaver County whereby he was to pay $5.00 per month towards his fines, costs, and restitution. There is also no question Lawson had an income during that period of time and made only four $5 payments. We cannot say the Board abused its discretion when it determined under these circumstances that Lawson violated Special Condition 6 of his parole.

As an alternative defense to his failure to pay fines, costs, and restitution, Lawson also pleads indigency. In *Commonwealth ex rel. Benedict v. Cliff*, 451 Pa. 427, 304 A.2d 158 (1973), our Supreme Court held that it is the parolee's or probationer's obligation to show indigency with respect to the payments of fines, costs, and restitution. There, the Supreme Court wrote:

> [W]e hold that the appellants must be given the opportunity to establish that they are unable to pay the fine. Upon a showing of indigency, the appellants should be allowed to make payments in reasonable installments.

*Id.* at 434, 304 A.2d at 161. We also take due notice that parole or probation may be revoked even where an indigent makes a "reasonable effort to satisfy the fines." *See Tate*, 401 U.S. at 401.

Here, Lawson was already permitted to make periodic payments of his outstanding monetary obligations in minimal $5.00 monthly installments. We agree with the Board the $5.00 per month payment schedule was reasonable in consideration of his financial condition and a minimal drain on his monthly budget. Additionally, Lawson failed to produce any specific financial evidence at his parole Violation Hearing that he was unable to meet even those minimal payments. The only reference he made was to his increased costs due to his obtaining

custody of his son and how he had no funds left in his monthly budget to pay Beaver County the agreed upon $5.00 per month. He provided no figures on his monthly income or expenses which would support his conclusory assertions that he was financially unable to make more than the four $5.00 payments during the year he was out on parole. Mere conclusionary assertions are insufficient as a matter of law to meet a parolee's burden of showing indigency as a defense to a charge of violating a condition of parole requiring the payment of fines, costs, and restitution. On the basis of the record before us, we must concur with the Board that Lawson failed to show he was financially unable to meet the $5.00 monthly payment obligation he agreed to upon his release on parole. The Board, therefore, did not err or otherwise abuse its discretion when it found he violated special parole condition 6.

Having determined that one of the technical parole violations is not supported by the evidence, we must now determine whether it is necessary to remand this matter back to the Board for its reconsideration of the backtime to be imposed for the remaining parole violations. In *Harper v. Pennsylvania Board of Probation and Parole*, 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987), we recognized the discretion of the Board in imposing backtime for parole violations. There, we remanded that matter to the Board for reconsideration of the backtime imposed where one of three technical parole violations was vacated as unsupported by substantial evidence. In remanding, we held that we would not, as an appellate court, usurp the Board's discretion in imposing backtime for parole violations where one of three technical parole violations was vacated on appeal. *Id.* at 261, 520 A.2d at 523-524. Reviewing the circumstances presented by the case at bar, we have concluded that no remand is required.

The entire unexpired term of Lawson's original Beaver County sentence at the time he was recommitted by the Board totaled one year, nine days. R. 7. The presumptive range for the two uncontested technical parole violations, violation of 37 Pa. Code §63.4(2) (changing residence without permission) and 37 Pa. Code §63.4(4) (failing to obey all federal, state and local laws), is six to eighteen months. 37 Pa. Code §75.4. The Board imposed only twelve months for the three technical violations pertaining to general parole conditions. That twelve month backtime is well within the published presumptive range for the two uncontested technical parole violations. The presumptive range for a violation of a special condition of parole is at least as severe as the least serious of the violations of a general parole condition. 37 Pa. Code §75.3(f). The least serious violation of a general parole condition, 37 Pa. Code §63.4(4), carries a presumptive range of three to nine months. 37 Pa. Code §75.4. The backtime imposed for violating the special condition of parole, unexpired term, is, in effect, nine days since that is the total unexpired term remaining if Lawson serves the twelve months imposed for his violations of the general parole conditions since backtime imposed for general parole condition violations and special parole condition violations are aggregated to compute a reparole eligibility date. 37 Pa. Code §75.3 (f). Additionally, were the Board to reduce the twelve months imposed for the general parole violations to the minimum presumptive range of six months, the backtime imposed for the special parole condition violation, unexpired term, would then only amount to six months, nine days, still well within the three to nine month presumptive range for the special parole condition. *See* 37 Pa. Code §75.3(f). The circumstances presented here are therefore distinguishable from those present in *Harper* where the Board had exceeded its presumptive

range in imposing backtime for Harper's parole violations. Here, the backtime imposed was well under the published presumptive range, due in part to the short time remaining on the unexpired term of Lawson's original sentence at the time of his parole revocation. Thus, Lawson's backtime is well within the Board's published presumptive ranges for the remaining technical parole violations and a remand to the Board for a reconsideration of the backtime imposed is not required. *See Johnson v. Pennsylvania Board of Probation and Parole,* 98 Pa. Commonwealth Ct. 294, 511 A.2d 894 (1986).

Having thus disposed of the issues raised by Lawson, we shall affirm the Board's order as modified by deleting the finding Lawson violated 37 Pa. Code §63.4 (3)(ii).

ORDER

NOW, April 24, 1987, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 3875-M, dated August 25, 1986, is hereby reversed in part and the Parole Revocation Order at Parole No. 3875-M, recorded July 2, 1986, is modified to delete any reference to a violation of 37 Pa. Code §63.4(3)(ii). The Order of July 2, 1986, thus modified, is hereby affirmed.