568 A.2d 1347

Joseph ROSENFELT, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 1989.

Decided Jan. 17, 1990.

Richard A. Shore, Philadelphia, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Joseph Rosenfelt (Petitioner) has filed a petition for review of an order of the Pennsylvania Board of Probation and Parole (Board), mailed May 4, 1989, granting his request for administrative relief without reducing the length of his prior recommitment as a technical parole violator (TPV). We vacate the order of the Board.

On August 7, 1985, Petitioner was paroled by the Board from a four to fifteen year sentence for robbery. On February 26, 1987, Petitioner was arrested and charged with firearms violations. The Board was unaware of this arrest as Petitioner assumed the name George Rosenfeld. On July 21, 1987, the Philadelphia Municipal Court disposed of these charges by *nolle pros.*

The Board declared Petitioner delinquent, effective August 12, 1987, because he stopped reporting to the parole supervision staff and his whereabouts were unknown. On December 14, 1987, Petitioner was arrested as a parole absconder. The next day, the Board lodged its warrant and detainer against him. On February 29, 1988, the Board held a panel parole violation hearing, after which it recommitted Petitioner as a TPV to serve a total of fifteen months on backtime, nine months for multiple technical violations [1] and six months for violation of a special condition of parole.

On August 3, 1988, Petitioner was arrested again on the February 1987 firearms charge. Following the entry of a guilty plea, a Board hearing examiner conducted a parole revocation hearing and, by an order dated February 10, 1989, the Board recommitted Petitioner as a convicted parole violator (CPV) to serve twenty-four months backtime, in addition to the fifteen months previously imposed. The

1. One of these multiple technical violations was failure to refrain from owning or possessing any firearm or other weapon as proscribed by condition 5B. The other two violations were of conditions 3A and 3B which required Petitioner to maintain regular contact with the parole supervision staff and notify them within seventy-two hours of any arrest.

Board also recomputed Petitioner's maximum term expiration date to December 14, 1998.

On March 24, 1989, Petitioner filed an administrative appeal contending that, pursuant to the decision of the Supreme Court of Pennsylvania in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), the Board could not recommit Petitioner as a TPV based upon possession of the firearm in February 1987 because the identical conduct resulted in a conviction and recommittal as a CPV. On May 4, 1989, the Board mailed its decision granting Petitioner's appeal, in part, by deleting any reference to the violation of condition 5B from its recommitment order of February 29, 1988. However, the Board reaffirmed the remainder of the February 29, 1988 order including the nine months backtime imposed for multiple technical violations. Such a recommitment was within the six to eighteen months presumptive range for parolees with multiple technical violations. 37 Pa.Code § 75.4.

■ When the Board enters an order revoking parole, our scope of review is limited to determining whether necessary findings are supported by substantial evidence, whether the Board violated any of the parolee's constitutional rights or whether the Board committed an error of law. *Johnson v. Pennsylvania Board of Probation and Parole*, 98 Pa.Commonwealth Ct. 294, 511 A.2d 894 (1986). The only issue which Petitioner raises is whether the Board erred, as a matter of law, by refusing to reduce the length of Petitioner's recommitment as a TPV when it also recommitted Petitioner as a CPV.

■ Under the Supreme Court's decision in *Rivenbark*, the Board lacks authority to recommit a parolee as a TPV based upon conduct which also gives rise to a criminal conviction. Here the Board recommitted Petitioner as a TPV before he was convicted of the firearms charge.

An identical situation arose in *Johnson*, where the Board recommitted Johnson as a TPV based upon his possession of a firearm prior to his conviction for possession of that

same firearm. We held that, upon Johnson's conviction for possession of the firearm, the Board was required to vacate that portion of its recommitment which was based upon the same conduct and recommit him, if it all, as a CPV based upon the new conviction. *Johnson,* 98 Pa.Commonwealth Ct. at 303, 511 A.2d at 899. We are not satisfied that the Board fulfilled the mandate of *Johnson* when it deleted any reference to Petitioner's violation of condition 5B from its order recommitting him as a TPV. Also, we note that Petitioner had already served at least six of the nine months backtime imposed for the multiple technical violations before he was recommitted as a CPV.

As Petitioner accurately points out, *Rivenbark* precludes the Board from recommitting him as a TPV for violating condition 5B of his parole. Petitioner further contends that, under this Court's decision in *Pickert v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 44, 514 A.2d 252 (1986), the Board cannot allocate the entire nine month period to the two remaining technical violations. In *Pickert,* we remanded the matter to the Board for a recalculation of backtime because the Board never had an opportunity to make such a recalculation after deletion of the technical violation for which Pickert was convicted. In *Pickert,* we refused to presume that the Board would have ordered the same amount of backtime for one technical violation as it had imposed for two technical violations.

██ Nonetheless, the Board is presently asking us to presume that it would have imposed the same amount of backtime for two technical violations as it had previously imposed for three technical violations. Again, we refuse to make such a presumption. The Board's order of February 29, 1988 is at the root of the issue. It failed to specify what portion of the nine months backtime imposed for multiple technical violations was to be allocated to each of the three technical violations. The decision mailed May 4, 1989 is without guidance because it refers back to the order of February 29, 1988. We must construe these orders against

the Board. *Pitt v. Pennsylvania Board of Probation and Parole,* 97 Pa.Commonwealth Ct. 116, 508 A.2d 1314 (1986).

Accordingly, we vacate the order of the Board mailed May 4, 1989. We remand the matter to the Board for recalculation of backtime consistent with the *Rivenbark* proscription against recommitting a parolee as a TPV based upon conduct which also gives rise to a criminal conviction. To the extent that Petitioner has been recommitted twice for the same conduct, principles of fairness, as well as the *Rivenbark* decision, require the Board to reconsider the length of Petitioner's recommitment.

## ORDER

AND NOW, this 17th day of January, 1990, we vacate the order of the Pennsylvania Board of Probation and Parole, entered at No. 7539–P and mailed May 4, 1989. This matter is hereby remanded to the Board for a recalculation of backtime.

Jurisdiction relinquished.