512 A.2d 783

Wayne Hughes, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Argued May 12, 1986, before Judges MACPHAIL and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Cynthia N. Keller,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 16, 1986:

Wayne Hughes (Petitioner) appeals from an order of the Board of Probation and Parole (Board) denying his application for administrative relief.

The essential facts underlying this appeal are not in dispute but they are somewhat confusing. On July 2, 1982, Petitioner was sentenced to a term of not less than one nor more than four years in a state correctional institution (SCI). His maximum term would have expired April 18, 1986. Petitioner was released from the SCI on May 26, 1983 on parole to a Board detainer[1] by virtue of which he was incarcerated in the Delaware County Prison to serve an unexpired term there. His parole from the SCI stated the conditions with which Petitioner was to comply.

When he was released from the Delaware County Prison on May 11, 1984, he sought out the parole agent in Chester, Pennsylvania where he was mistakenly informed that he was no longer on parole. Petitioner was arrested on July 26, 1984 in Union County, New Jersey on a drug charge to which he pled guilty. He was sentenced in that jurisdiction on December 7, 1984 to three years probation.

---

[1] The detainer, in fact, may have been lodged by Delaware County.

Unfortunately for Petitioner, the New Jersey authorities requested Pennsylvania to supervise Petitioner's parole. At that point, in March of 1985, Petitioner's parole agent had access to Petitioner's active file showing that his parole time did not expire until April 18, 1986.

The Board then filed a violation report charging Petitioner with violation of four of his conditions of parole, one of which was to abstain from the unlawful possession of narcotics and dangerous drugs. After a parole violation/revocation hearing before an examiner, the Board recommitted Petitioner for six months on the violation of the condition relating to drug possession and an additional six months for conviction on the drug charge. The Board took no action against Petitioner for alleged violation of the other conditions of parole. The Board stated that Petitioner could be reparoled June 19, 1986 to an in-patient drug program provided that there were no misconducts. The Board also stated that his new maximum date for expiration of his sentence was fixed at June 19, 1988.

Petitioner argues that the Board had no jurisdiction over him at the time of his New Jersey offense because he had been advised he was no longer on parole. There can be no doubt that a prisoner cannot be discharged from parole prior to the expiration of the maximum term of his sentence, *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A.2d 897 (1942), and there can be no doubt that Petitioner's maximum term here had not expired at the time his new offense was committed. We conclude that the Board did have jurisdiction to take appropriate action regarding Petitioner's new offense.

In *Simpson v. Pennsylvania Board of Probation and Parole,* 81 Pa. Commonwealth Ct. 432, 473 A.2d 753 (1984), we held that while the parole agent's misrepresentations may be a valid defense to charges of failing to report or to notify the Board of a change of ad-

dress, it would not excuse an offense of assaultive behavior and a Board order recommitting the parolee for a breach of that condition would be upheld against a challenge based upon estoppel. Here, the Board's agent admitted he told Petitioner that he was off parole and for that reason the Board took no action against the Petitioner regarding the alleged violation of parole conditions unrelated to the new arrest on the drug charge.

Petitioner next contends that his plea of guilty to the drug offense in New Jersey was invalid because the plea was predicated upon or induced by his lack of knowledge of his correct parole status. The Board points out that Petitioner's challenge to the validity of his plea must be addressed to the court where the plea was received. This Court has held that while a prisoner may present evidence as to why he pled guilty in mitigation, he may not collaterally attack the validity of a new conviction in a Board violation hearing. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

Petitioner's final argument is that the Board improperly recommitted him as a technical parole violator and a convicted parole violator based upon the same act, *i.e.* illegal possession of cocaine. This issue was resolved in Petitioner's favor in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985) and *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985). The Board contends that neither case may be applied retroactively and that the Petitioner waived the issue because it was not presented to the Board. The Board's recommitment order in this case is dated August 30, 1985; the Supreme Court's decisions cited above were not filed until December of 1985. Under such circumstances, we hold that Petitioner has not waived the issue, especially since it was properly raised in his peti-

tion for review to this Court. This Court recently held in *Brewer v. Pennsylvania Board of Probation and Parole*, 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986), that the *Rivenbark* and *Massey* decisions must be applied retroactively.

We, accordingly, will affirm the Board's order except as to its recommitment of Petitioner as both a technical parole violator and a convicted parole violator in violation of our Supreme Court's decisions in *Rivenbark* and *Massey*.

ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is vacated and remanded to the Board solely for the purpose of recomputing the recommitment time imposed upon Wayne Hughes consistent with the foregoing opinion.

Jurisdiction relinquished.