522 A.2d 155

Ralph Edward Wagner, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 25, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott E. Lash,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 9, 1987:

This is an appeal by petitioner, Ralph Edward Wagner, from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). For the reasons which follow, we reverse petitioner's recommitment as a technical parole violator.

Petitioner was paroled June 19, 1982, after serving six months of a six to forty-eight month sentence for receiving stolen property[1] and theft of services.[2] On Au-

---

[1] Section 3925 of the Crimes Code, 18 Pa. C. S. §3925.

[2] Section 3926 of the Crimes Code, *as amended,* 18 Pa. C. S. §3926.

gust 17, 1983, while at liberty on parole, petitioner was arrested and charged with three counts each of possession,[3] possession with intent to deliver,[4] and delivery of a schedule II controlled substance[5] (methamphetamine).

As a result thereof, the Board, on December 1, 1983, recommitted petitioner as a technical parole violator (tpv) to serve, when available, 12 months backtime for violation of general condition 5a[6] and 18 months backtime for violation of special condition 6.[7]

Petitioner timely petitioned for administrative relief, which was denied. Petitioner then appealed to this Court which, by order dated October 2, 1985, vacated that portion of petitioner's recommitment as a tpv concerning his violation of special condition 6 and remanded for proceedings consistent with that opinion. *Wagner v. Pennsylvnia Board of Probation and Parole*, 92 Pa. Commonwealth Ct. 132, 498 A.2d 1007 (1985).[8] After a

---

[3] Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(16).

[4] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-113(a)(30).

[5] *Id.*

[6] 37 Pa. Code §63.4 provides general conditions to which every parolee is subject. Section 63.4(5)(i) states: "Abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of The Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§780-101—780-144) without a valid prescription."

[7] 37 Pa. Code §63.5 states: "Parolees shall comply with special conditions which are imposed by the Board or which are subsequently imposed by the parole agent." The Board imposed the following special condition upon parolee: "Must maintain employment."

[8] We vacated petitioner's recommitment for violation of condition 6, that petitioner "must maintain employment," because it is a matter which he might not be able to control. If petitioner had been laid-off through no fault of his own, (*i.e.* employer's economic condition) he would have been in violation of his parole and subject to recommitment.

January 9, 1986 rehearing, the Board, by order dated April 2, 1986, discharged parole condition 6.

In the interim, on December 12, 1983, petitioner appeared in the Court of Common Pleas of Berks County and entered a guilty plea to one count each of possession, possession with intent to deliver, and delivery of a schedule II controlled substance.

Thereafter, on February 2, 1984, petitioner was recommitted as a convicted parole violator (cpv) to serve his unexpired term. At this time, the Board also reaffirmed his recommitment as a tpv for violation of parole condition 5a. On March 22, 1984, petitioner was denied administrative relief and did not appeal to this Court.

On December 10, 1985, the Pennsylvania Supreme Court decided *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), holding that a parolee may not be recommitted as a tpv based upon an act constituting a new crime of which he is convicted. As a result of *Rivenbark*, petitioner, on January 13, 1986 and January 24, 1986, filed new petitions for administrative relief, requesting that his technical parole violation be vacated.[9] On February 24, 1986, the Board denied administrative relief to petitioner, concluding that his situation did not fall within the ambit of *Rivenbark*. Petitioner then filed a petition for review with this Court, which was docketed March 27, 1986.

Petitioner argues that *Rivenbark* requires the discharge of his technical parole violation because this vio-

---

[9] We have already decided that *Rivenbark* will be given retroactive application. *See Brewer v. Pennsylvania Board of Probation and Parole*, 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986). *See also Hughes v. Pennsylvania Board of Probation and Parole*, 99 Pa. Commonwealth Ct. 25, 512 A.2d 783 (1986).

lation is based upon the same acts which constituted a new crime of which petitioner was convicted, and that the order to recommit petitioner to serve his unexpired term should be reduced and modified if we discharge petitioner's technical violation.[10]

The timeliness of an appeal goes to the jurisdiction of the court to hear and decide the appeal. *Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 592, 593, 495 A.2d 213, 214 (1985). The subject matter jurisdiction of a tribunal may be raised at any time *sua sponte* by an appellate court. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974). In the case at bar, administrative relief was denied by a letter bearing the date of February 24, 1986. Petitioner's petition for review was docketed with this Court on March 27, 1986. "A petition for review of a quasijudicial order . . . shall be filed within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1). At first blush, the petition for review would appear untimely, being filed in excess of thirty days from the denial of administrative relief. Therefore, before we reach the merits of petitioner's contentions, we will address the question of our jurisdiction to review this case.

The letter sent to petitioner by the Board is a quasi-judicial order within the meaning of Pa. R.A.P. 1512(a)(1). Thus, he has 30 days from the date of its entry to appeal to this Court. The beginning point in computing the 30-day appeal period is the date of entry,

---

[10] Our scope of review of an order of the Board is to determine whether the order is in accordance with the law, whether necessary factual findings are supported by substantial evidence and whether petitioner's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Cameron v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 580, 496 A.2d 419 (1985).

which is the day the government unit *mails* or delivers copies of the order to the litigants. Pa. R.A.P. 108(a)(1).

In the case at bar, the Board's letter denying administrative relief is dated February 24, 1986. However, no *mailing date* is indicated on the letter. "If the government unit mails the order, the order must show its mailing date to determine the date of entry, and, thus, the date on which the appeal period commences." 1 G. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice §1512:2 at 344 (1986). Where no *mailing date* is indicated on the document which denies administrative relief, the thirty day appeal period does not apply. *See Schmidt v. Commonwealth,* 495 Pa. 238, 433 A.2d 456 (1981). *See also Department of Transportation, Bureau of Traffic Safety v. Suchko,* 92 Pa. Commonwealth Ct. 520, 499 A.2d 738 (1985). While February 24, 1985 appears at the top of the letter, this is not sufficient to establish the critical date of mailing. Therefore, the thirty day appeal period does not apply and we will consider the merits of the case at bar.

Petitioner was committed as a tpv for violation of general condition of parole 5a (unlawful possession or sale of narcotics and dangerous drugs) based upon his arrest for three counts of possession, possession with intent to deliver, and delivery of a schedule II controlled substance. After his guilty plea on the underlying crimes, petitioner was recommitted as a cpv to serve his unexpired term.

In *Rivenbark* our Supreme Court held:
Subsection (b) of Section 21.1 of the Board of Parole Act[11] specifically excludes from recommitment as a technical violator one who has violated

---

[11] Act of August 6, 1941, P.L. 861, added by Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(b).

the terms and conditions of his parole 'by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record.'

509 Pa. at 255, 501 A.2d at 1114 (footnote added). Facing a situation nearly identical to the case at bar, this Court, in *Johnson v. Pennsylvania Board of Probation and Parole,* 98 Pa. Commonwealth Ct. 294, 511 A.2d 894 (1986), concluded that the technical parole violation must be reversed. Because petitioner pleaded guilty to the exact charges which formed the basis of his technical violation of parole condition 5, we must reverse his recommitment as a tpv.

Lastly, we turn to petitioner's contention that once the technical parole violations are reversed, a recommitment to serve backtime of his unexpired term (42 months) would be excessive. At the time of petitioner's recommitment as a cpv, petitioner had already been recommitted to serve 30 months backtime as a tpv. His recommitment order for the convicted parole violation stated:

Reaffirm Board action of 1-23-84 and now recommit as a cpv to the Berks County Prison when available to serve unexpired term. Unexpired term for the offenses of possession of a controlled substance, possession with intent to deliver, and delivery of a controlled substance. (Bill No. 83151601, 83151701, 83151801) Evidence relied on: copies of the Court records. Reasons: new criminal convictions in a court of record. The presumptive range is 9 to 15 months.

We cannot tell from the wording of this order whether the Board intended to recommit petitioner for a period of 9 to 15 months because of the convicted parole viola-

tion, or for his entire unexpired term (42 months). In the intervening period of time, the 18 month recommitment as a tpv for violation of condition 6 has been vacated. 92 Pa. Commonwealth Ct. 132, 498 A.2d 1007. Today we reverse petitioner's 12 month tpv recommitment for violation of condition 5a. Thus, if we uphold the recommitment for his unexpired term, he will be required to serve 42 months backtime. The Board's order is not clear whether it intended petitioner to serve 9 to 15 months for all three convicted parole violations or 9 to 15 months for each violation. "[T]he imposition of backtime is solely a matter for the Board's discretion," *Harper v. Pennsylvania Board of Probation and Parole*, 103 Pa. Commonwealth Ct. 251, 261, 520 A.2d 518, 523 (1987). We may not usurp the Board's discretion by presuming it would impose the same backtime for recommitment as a cpv only, rather than for multiple parole violations as both a cpv and a tpv. *Id*.

Accordingly, we reverse petitioner's recommitment as a tpv for violation of condition 5a and remand to the Board for the recomputation of backtime.

### ORDER

AND NOW, March 9, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed insofar as it recommits petitioner for violation condition 5a and remanded for proceedings consistent with this opinion. In all other respects, it is affirmed.

Jurisdiction relinquished.