IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Neil Gaynor,                    :
                        Petitioner      :
                                        :
        v.                              :     No. 782 C.D. 2018
                                        :     SUBMITTED:  December 14, 2018
Pennsylvania Board of                   :
Probation and Parole,                   :
                        Respondent      :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  August 13, 2019

        Petitioner Richard Neil Gaynor (Gaynor) petitions for review of the May 11,
2018 order of the Pennsylvania Board of Probation and Parole (Board), through which
the Board dismissed as untimely Gaynor's administrative appeal of the Board's July
14, 2017 decision to recommit him as a convicted parole violator (CPV) and extend his
parole violation maximum date. After thorough review, we affirm.

## I. Background

        In September 2016, while on parole,[1] Gaynor was arrested in Erie, Pennsylvania,
and charged with retail theft, accessing a device issued to another person who did not
authorize its use, and receiving stolen property. Certified Record (C.R.) at 6-7. After

---

[1] Gaynor was previously convicted of several theft-related offenses. Prior to the September 2016 charges, his maximum sentence date was June 5, 2020. He had been paroled and reparoled several times, most recently in 2014. *See* Certified Record (C.R.) at 7; *see generally* Suppl. Certified Record at 1A-63A.

Gaynor was convicted of these crimes, the Board imposed nine months of backtime as a CPV and recalculated his maximum sentence date as May 16, 2023. *Id.* at 1.

On July 16, 2017, Gaynor, who was incarcerated in state prison at that time, filed an inmate request stating that he had received a "status sheet" on July 13, 2017, indicating that the Board had actually added three years of backtime by its recalculation of his maximum sentence date. *Id.* at 5.[2] In his inmate request, Gaynor asserted that he had not received a copy of this decision and asked that he be given one, as he only had 30 days to challenge the Board's action. *Id.* The prison's Unit Counselor responded on July 17, 2017 by downloading and providing Gaynor with a copy of at least the first page of the Board's order, the substantive portion of its decision. It is unclear from the Certified Record whether Gaynor received the second page of the Board's order. *See id.* at 5-6.

On February 1, 2018, Gaynor mailed an administrative remedies form to the Board,[3] challenging the Board's July 14, 2017 decision on the basis that he never received a copy of the Board's order containing a stamped mailing date. *Id.* at 3-8. The Board responded on May 11, 2018, explaining that 37 Pa. Code § 73.1(b) requires administrative challenges to be asserted "within 30 days of the mailing date of the Board's order" which the affected inmate desires to challenge. *Id.* at 15. As the Board had mailed its decision on July 14, 2017, it dismissed Gaynor's appeal as untimely. *Id.*

Gaynor filed a *pro se* Petition for Review on June 7, 2018 challenging the Board's determination of untimeliness. This Court appointed the Indiana County Public

___

[2] "6-28-17" is the date upon which the Board chose to recommit Petitioner as a CPV. *See* C.R. at 1. However, this Decision was not mailed until July 14, 2017. *Id.* at 2. Thus, Gaynor received actual notice of the decision by means of the status sheet, the day before the Board mailed its order.

[3] Gaynor also submitted what he titled an "amended" administrative remedies form to the Board on February 16, 2018. The second form was substantially similar to the first one he had submitted roughly two weeks earlier. *Id.* at 9-14. For convenience, we refer to both as a single form.

Defender's Office (Counsel) to represent him. On October 1, 2018, Counsel submitted a substantive brief on Gaynor's behalf. The Board responded on November 7, 2018.

The Certified Record submitted by the Board contained inconsistencies among the several copies of the Board's July 14, 2017 decision that were contained therein. Relevant here, only one copy of the Board's decision was stamped with the mailing date of July 14, 2017. *Id.* at 1-2. Because of the significance of the mailing date, we directed the Board to conduct an internal investigation and file a statement explaining the discrepancies among the various copies of the Board's decision, as well as whether Gaynor was properly informed, in advance of the filing of his Petition for Review, of the date on which the Board's decision was mailed to him. Commonwealth Court Order, April 16, 2019, at 2.[4]

On May 15, 2019, the Board filed a narrative statement explaining that only the original copy of a decision mailed by the Board to a parole violator is stamped with a mailing date. Other copies, such as those downloaded directly from the Board's electronic database by correctional institution employees, are not date-stamped. Narrative Statement at 1-4; *see id.*, Ex. B ¶¶6-9. The Board conceded it could not disprove Gaynor's claim that he had not received a copy of the Board's July 14, 2017 decision that had been stamped with a mailing date. The Board acknowledged that Gaynor would not have been aware of the exact mailing date without receiving a date-stamped copy. Response at 4-5.

---

[4] We also directed the Board to file a supplemental Certified Record. The Board did so on May 15, 2019. Thereafter, Counsel submitted an Amended Brief for Petitioner on July 15, 2019.

## II. Issue

On appeal,[5] Gaynor contends the Board erred in concluding that he did not mail his administrative remedies form in a timely manner. Gaynor acknowledges that the 30-day appeal window begins to run on the date the Board mails a decision. However, he argues that under *Wagner v. Pennsylvania Board of Probation and Parole*, 522 A.2d 155 (Pa. Cmwlth. 1987), "[w]hen no mailing date is indicated on the document which denies administrative relief, the [30-]day appeal period does not apply." Am. Br. for Pet'r at 5. Consequently, Gaynor reasons that his administrative remedies form was indeed filed in a timely manner. He requests that we reverse the Board's May 11, 2018 order and remand to the Board for a ruling on the merits. *Id.* at 6.

## III. Discussion

In *Wagner*, the Board's letter denying a request for administrative relief, although dated, did not contain a mailing date stamp. *Id.* The petitioner did not appeal the Board's February 24, 1986 decision until March 27, 1986, 31 days after the date of the letter. *Id.* at 156-57.

We explained that because the Board's letter was a quasi-judicial order within the meaning of Pa. R.A.P. 1512(a)(1), the petitioner had to seek review by this Court within 30 days from the date of entry of the Board's decision. "[T]he date of entry . . . is the day the government unit mails or delivers copies of the order to the litigants." *Wagner*, 522 A.2d at 157 (citing Pa. R.A.P. 108(a)(1)).

Since the letter in *Wagner* did not contain a mailing date, however, we concluded the 30-day appeal period did not apply. *Id.* Consequently, we held that the petitioner's appeal to this Court was timely even though he appealed one day late. *Id.*

---

[5] Our standard of review in the context of Board decisions is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law and whether the Board's findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

We disagree, however, with Gaynor's interpretation of *Wagner* here. This matter is distinguishable, since it involves an internal administrative appeal governed by the Board's regulations, rather than a judicial appeal governed by the Pennsylvania Rules of Appellate Procedure as in *Wagner*. Thus, our holding in *Wagner*, which was based in large part upon the dictates of Pa. R.A.P. 108(a)(1) and 1512(a)(1), is not directly applicable.

Further, the petitioner in *Wagner* sought review by this Court only 31 days after the date on the Board's letter denying his request for administrative relief. Although the absence of a mailing date on the Board's letter made a definite determination of timeliness impossible, the probability was strong that the petition for review had in fact been submitted within the requisite 30-day period after mailing of the Board's decision.

Here, Gaynor demonstrated his awareness that he had only 30 days to appeal the Board's July 14, 2017 decision. He received the substantive portion of that decision on July 17, 2017, informing him of the Board's assessment of backtime and recalculation of his maximum sentence date. *See* C.R. at 5-6. However, despite this knowledge, Gaynor took no further action for *more than six months*, until February 1, 2018. *Id.* at 3, 8. Gaynor thereby failed to protect his administrative appeal rights.

We do not construe *Wagner* to provide that where a parole violator has received a written decision from the Board, the absence of a formally notated mailing date thereon creates an appeal window of infinite duration. Here, although Gaynor may not have received a decision containing a stamped mailing date, the record indicates that he was aware that the applicable entry date of the Board's order could not have been later than July 17, 2017, the date on which Gaynor admittedly received a copy of the order. Therefore, at the latest, his petition for review was due 30 days after that date. Accordingly, we find his argument is without merit.

**IV. Conclusion**

Based on the foregoing discussion, we affirm the Board's May 11, 2018 order dismissing as untimely Gaynor's administrative remedies form.

_____

ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Neil Gaynor,               :
               Petitioner     :
                            :
       v.                     :    No. 782 C.D. 2018
                            :
Pennsylvania Board of         :
Probation and Parole,         :
              Respondent    :

# **O R D E R**

AND NOW, this 13th day of August, 2019, the Pennsylvania Board of Probation and Parole's May 11, 2018 order is hereby AFFIRMED.


_____
ELLEN CEISLER, Judge