IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian David Tice,                                    :
                              Petitioner             :
                                                     :      No.  1150 C.D. 2020
              v.                                      :      Submitted:  August 13, 2021
                                                     :
Pennsylvania Parole Board,                           :
                              Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  December 22, 2021


              Brian David Tice, *pro se*, an inmate at the State Correctional Institution

(SCI) at Houtzdale, petitions for review[1] of the July 31, 2020 decision of the

---

[1] On December 21, 2020, we dismissed the petition for review because Tice failed to comply with this Court's November 19, 2020 defect correction notice, directing him to either pay the filing fee or file an application to proceed *in forma pauperis*, and further directing that he provide the mailing date of the order from which he appealed and a copy of the order.  Tice thereafter filed a "Request To Reopen Captioned Matter[,]" which we treated as a request for reconsideration of our order dismissing the matter.  By order dated January 15, 2021, we granted Tice's request for reconsideration, vacated our December 21, 2020 order, and reinstated the matter.  We further directed that the petition for review be treated as a petition for review of the Pennsylvania Parole Board's (Board) decision mailed on July 31, 2020, and appointed the Public Defender of Clearfield County to represent Tice.

              On February 23, 2021, Steven M. Johnston, Esquire, an Assistant Public Defender in Clearfield County, entered his appearance on Tice's behalf.  By letter dated March 29, 2021, Tice informed the Court that he did not want to be represented by appointed counsel and requested **(Footnote continued on next page…)**

Pennsylvania Parole Board (Board), which denied his administrative appeal of a Board decision recommitting him to an SCI as a convicted parole violator (CPV), declining to award him credit for the time he spent at liberty on parole, and recalculating his maximum sentence date. Tice claims that the Board abused its discretion by not crediting him for the time he spent at liberty on parole, erred in the recalculation of his maximum sentence date, and denied him parole for frivolous reasons. For the following reasons, we dismiss the petition for review because it is untimely.

On February 23, 2015, Tice was sentenced to two to five years in an SCI for two counts of driving under the influence (DUI) in Tioga County, and, on March 10, 2015, he was sentenced to nine months to five years in an SCI for DUI in Centre County.[2] Certified Record (C.R.) at 1. As a result of the new convictions, Tice's combined maximum sentence date was March 10, 2020. *Id.* at 2.

Tice was paroled on May 31, 2017. C.R. at 9. At that time, he was released subject to a New York detainer for a pending DUI charge from December 2016. *Id.* at 3, 8-9. Following his release from the New York detainer, Tice returned to Pennsylvania and reported to the Board's Williamsport District Office on November 27, 2017. *Id.* at 26. Tice was released to an approved home plan.

On November 28, 2018, Tice was arrested by the Pennsylvania State Police for his involvement in a motor vehicle accident and charged with DUI (two counts), failing to stop at an accident involving death or personal injury, causing an accident involving death or personal injury while not licensed, failing to stop at an

---

permission to proceed *pro se*. On April 7, 2021, we directed the Prothonotary to strike the Public Defender of Clearfield County from the docket and designate Tice as representing himself in this matter.

[2] Tice was also placed on probation for a year for resisting arrest. Certified Record (C.R.) at 3.

accident involving damage to attended vehicle or property, and several other related charges. C.R. at 14-22. Tice was detained at the Tioga County Prison on November 28, 2018,[3] and the Board issued a warrant to commit and detain him the same day. *Id.* at 13, 43. Tice was formally charged on November 29, 2018. *Id*. At 22. On September 16, 2019, Tice pleaded guilty to DUI: highest rate of alcohol (fourth or subsequent offense) and leaving the scene of an accident involving death or personal injury in the Tioga County Court of Common Pleas. *Id.* at 45. The remaining charges were *nolle prossed*. *Id.*

On October 7, 2019, the Board notified Tice that a parole revocation hearing would be held as a result of his new criminal convictions. C.R. at 38. That same day, he waived his rights to counsel and a revocation hearing, and admitted to his new convictions. *Id.* at 42. Thereafter, on November 25, 2019, Tice was sentenced to 18 to 60 months in an SCI. *Id.* at 53. He received 363 days' credit for time served for the period of November 28, 2018, through November 25, 2019. *Id.* at 53.

By decision recorded on December 6, 2019,[4] the Board recommitted Tice to an SCI as a CPV to serve 12 months' backtime, when available, pending his return to an SCI. C.R. at 71-72. By subsequent decision mailed on January 14, 2020, the Board, in its discretion, denied Tice credit for the time he spent at liberty on parole, because his new conviction was the same or similar to his original offense, and recalculated Tice's maximum sentence date as September 3, 2022. *Id.* at 79-80.

---

[3] Bail was denied. C.R. at 60.
[4] The Board's decision does not contain a mailing date. *See* C.R. at 71-72.

On February 6, 2020, Tice, *pro se*, mailed correspondence and an administrative remedies form with attachments to the Board.[5]  C.R. at 86-94. Therein, Tice claimed that his original sentence should be credited with the 180 days he spent in jail in New York and the 363 days he was incarcerated in the Tioga County Prison on the new criminal charges, for a total of 543 days.  *Id.* at 88.  By decision mailed on July 31, 2020, the Board affirmed its January 14, 2020 decision. *Id.* at 95-96.  In doing so, the Board first explained that at the time Tice was paroled on May 31, 2017, with a maximum sentence date of March 10, 2020, he had 1,014 days remaining on his original sentence.  It then explained that its decision to recommit Tice as a CPV authorized its recalculation of his maximum sentence date to reflect that he received no credit for time spent at liberty on parole.  The Board determined that Tice was not entitled to credit on his original sentence for the time he served while on constructive parole, *i.e.*, from May 31, 2017, through November 27, 2017, when he was incarcerated in New York.

The Board noted, however, that Tice was entitled to one day of presentence credit on his original sentence for the time he was incarcerated solely on the Board's warrant from November 28, 2018, the date of the Board's warrant, to November 29, 2018, the date he was formally charged with the new crimes in Tioga County, for which he did not post bail.  This left Tice with 1,013 days (1,014 minus 1 day) remaining on his original sentence.  The Board further explained that any other presentence confinement time that was not allocated toward his original sentence would be calculated by the Department of Corrections and credited to his

---

[5] The Board received Tice's appeal on February 11, 2020.  C.R. at 86.  Pursuant to the "prisoner mailbox rule," *pro se* legal filings of prisoners are deemed filed on the date they are "given to prison officials or put in the prison mailbox." *See Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014); *see also* Pa.R.A.P. 121(f).

new 18- to 60-month state sentence. Finally, the Board explained its recalculation of Tice's maximum sentence date, noting that because it recommitted Tice prior to his sentencing, he became available to begin serving his backtime on November 25, 2019, the date of his sentencing. Adding 1,013 days to that date yielded a recalculated maximum sentence date of September 3, 2022. Thus, the Board affirmed its January 14, 2020 decision.

Tice did not petition for review of the Board's July 31, 2020 decision within the 30-day time period for doing so. Instead, on September 21, 2020, Tice filed another *pro se* administrative remedies form with the Board, again challenging the Board's decision recorded on December 6, 2019, recommitting him as a CPV, and further challenging a Board decision recorded on August 28, 2020, denying him parole. C.R. at 98-105; *see also id.* at 84-85. By decision mailed on October 6, 2020, the Board responded to Tice's administrative appeal. It explained that Tice had no right to seek review of a parole denial and, accordingly, that the Board would take no further action on the appeal. *Id.* at 106. The Board further noted that "[a]ny attempt to challenge the Board's [July 31, 2020] final adjudication will be considered a second or subsequent request for relief and will not be received. 37 Pa. Code § 73.1." *Id.*

On November 5, 2020,[6] Tice filed a *pro se* petition for review with this Court,[7] in which he appears to challenge both the Board's July 31, 2020 decision on the merits and its August 28, 2020 decision denying him parole. Tice claims the

---

[6] Tice's petition for review was received by this Court on November 9, 2020, but deemed filed on November 5, 2020, pursuant to the "prisoner mailbox rule." *See generally supra* note 5.

[7] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McCloud v. Pa. Bd. of Prob. & Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

Board abused its discretion and misapplied the law when determining that he was not entitled to credit for the time he spent at liberty on parole; erred in not crediting his original sentence with the 180 days he was incarcerated in New York and the 363 days he was in the Tioga County Prison; and erred by denying him reparole for frivolous reasons.

The Board responds that it properly denied Tice credit on his original sentence for the 543 days that he was confined in New York and when he was later incarcerated between the time of his arrest to the date of his sentencing. The Board claims it also correctly determined Tice was entitled to credit on his original sentence for the one day he spent detained solely on the Board's warrant prior to Tice being formally charged with the new criminal charges in Tioga County. The Board finally contends that it properly denied Tice's appeal from the Board's decision denying him parole.

Initially, as noted above, we reiterate that our January 15, 2021 order in this matter directed that Tice's petition for review would be treated as a petition for review of the Board's decision mailed on July 31, 2020.[8] *See supra* note 1. We also

---

[8] As noted above, Tice's petition for review appears to also challenge the Board's August 28, 2020 decision denying him parole. We note, however, that the petition appears to have been timely filed from the Board's October 6, 2020 decision, determining that Tice has no right to seek review of a parole denial and that the Board would take no further action on the administrative appeal, despite that Tice did not identify such decision as that from which he is appealing. Confusing matters further, the Board, in its appellate brief, addresses Tice's petition for review as challenging, *inter alia*, the Board's October 6, 2020 decision. Given the apparent confusion, and assuming, *arguendo*, that Tice had petitioned for review from, *inter alia*, the Board's October 6, 2020 decision, we would agree with the Board that there is no right to appeal the denial of parole under Pennsylvania law. *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322 (Pa. 1999). This is because there is no right to be paroled; "it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law[-]abiding citizen in society." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997). Accordingly, even if we did
**(Footnote continued on next page…)**

6

note that neither the Board, nor Tice, have addressed the timeliness of Tice's petition for review to this Court in their appellate briefs. We nevertheless do so *sua sponte* and conclude that we cannot review the petition's merits because we lack jurisdiction[9] to do so.

Pennsylvania Rule of Appellate Procedure 1512(a) provides that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). "[T]he court may not enlarge the time for filing a . . . petition for review[.]" Pa.R.A.P. 105(b). As this Court has previously explained:

> The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal . . . . The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

*Altieri v. Pa. Bd. of Prob. & Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985); *see also Ricketts v. Cent. Off. Rev. Comm.*, 557 A.2d 1180, 1181-82 (Pa. Cmwlth. 1989) (dismissing *sua sponte* a petitioner's untimely appeal from an administrative agency's decision for lack of subject matter jurisdiction).

As outlined above, Tice filed the instant *pro se* petition for review of the Board's July 31, 2020 decision on November 5, 2020. Because Tice filed his petition for review of the Board's decision beyond the 30-day statutory appeal period, and there is no allegation regarding fraud or a breakdown in operations with respect to the timeliness of its filing, this Court is without jurisdiction to consider

---

consider Tice's petition for review as also being from the Board's October 6, 2020 decision, we would conclude that we lack jurisdiction to consider it and, thus, dismiss the petition for review on that additional basis.

[9] An appellate court may raise the lack of subject matter jurisdiction *sua sponte* at any time. *Wagner v. Pa. Bd. of Prob. & Parole*, 522 A.2d 155, 157 (Pa. Cmwlth. 1987).

7

the petition's merits. Accordingly, although the Board has not raised the timeliness issue, we do so *sua sponte* and dismiss Tice's petition for review as untimely filed with this Court.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian David Tice,                          :
                    Petitioner            :
                                          :    No.  1150 C.D. 2020
            v.                            :
                                          :
Pennsylvania Parole Board,                :
                    Respondent            :

# **O R D E R**

AND NOW, this 22nd day of December 2021, the petition for review filed by Brian David Tice in the above-captioned matter is hereby DISMISSED as untimely filed.

_____
J. ANDREW CROMPTON, Judge