IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Trayvon Ellis,                          :
                        Petitioner       :
                                         :
        v.                               :   No. 33 M.D. 2022
                                         :   Submitted: July 29, 2022
Pennsylvania Parole Board,               :
                        Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: January 23, 2023

        Trayvon Ellis (Ellis) petitions for review of the decision entered by the
Pennsylvania Parole Board (the Board) on December 29, 2021, denying his request
for administrative relief.  Ellis contends that the Board erred in recalculating his
maximum sentence date and failing to give him credit for time served.  Additionally,
Ellis argues that the Board erred in concluding that he did not timely appeal the
Board's decision.  After careful consideration, we affirm.

                          **I. BACKGROUND**

        On November 10, 2016, Ellis entered a guilty plea to a charge of
persons not to possess firearms.[1]  *See* Sentence Status Summary, 2/19/17, at 1.  That
same day, the trial court sentenced Ellis to two to four years of incarceration, with a
maximum sentence of November 10, 2020.  *Id.*  On October 3, 2017, the Board
released Ellis to boot camp.  *See* Release on Parole, 10/3/17, at 1.  As a condition of
release, Ellis was informed that if he was arrested on new charges, the Board could

_____

[1] 18 Pa.C.S. § 6105.

lodge a detainer against him preventing his release from custody, pending disposition of those charges. *See* Conditions Governing Parole, 10/2/17, at 1-3.

On October 9, 2018, Ellis was arrested in Pittsburgh on a new charge of persons not to possess firearms. *See* Criminal Arrest & Disposition Report, 10/25/18, at 1. On October 10, 2018, the trial court set bail, but the Board lodged a detainer against Ellis. *See id.*; *see also* Criminal Docket, Printed 10/16/18, at 1. On November 28, 2018, the Board sent notice of its decision to detain Ellis pending disposition of the new charge. Notice of Bd. Decision, 11/28/18, at 1. Ellis was held on both a Board detainer and the new charge from the time of his arrest until the date he received his new sentence.[2] On June 30, 2020, Ellis was sentenced to 11 months and 15 days to 23 months' county time, as well as a consecutive sentence of 2 years' county probation.[3] *See* Order of Sentence, 6/30/20.

On September 30, 2020, the Board held a parole revocation hearing. Counsel requested that Ellis be awarded credit for time served between the date of arrest and the date of his conviction. Notes of Testimony (N.T.), 6/30/18, at 12. Ellis testified that the county judge did not give him credit on the new sentence. *Id.* at 12-14. On December 14, 2020, the Board issued a decision recommitting Ellis to a state correctional institution as a convicted parole violator to serve 18 months of backtime for his persons not to possess firearms charge. *See* Notice of Bd. Decision, 12/14/20, at 1-2. The Board did not award Ellis credit for time he spent at liberty on

---

[2] From the time of arrest on October 9, 2018, through the date of his new sentence on June 30, 2020, Ellis was incarcerated for 630 days.

[3] This sentence was longer than his pre-trial incarceration. *See generally Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 676 n.16 (Pa. Cmwlth. 2018) (citation omitted) (allowing "pre-sentence credit to be applied to the original sentence 'when [an] offender is incarcerated both on [a] Board detainer and for new charges and receives [a] new sentence of imprisonment that is shorter than [the] term of [the] pre-sentence incarceration'").

parole due to the nature of his offenses and did not explicitly address his request for time credit for time served on the Board's detainer. *Id.*

Ellis sent *pro se* correspondences to the Board.[4] Following the appointment of counsel, Ellis sent an administrative appeal to the Board on November 19, 2021, averring that he deserved 21 months of time credit because he had not been credited for the time spent incarcerated after his arrest and before his sentencing. *See* Fax with Attachments Received, 11/24/21, at 1. According to Ellis, his parole violation date should have started the day of his arrest, not his sentencing date on the new charges. *Id.*

The Board dismissed this appeal as untimely filed, noting that the regulations authorizing administrative relief provide that petitions for administrative review must be received at the Board's central office within 30 days of the mailing date of the Board's decision. *See* Response to Correspondence, 12/29/21, at 1-2 (citing 37 Pa. Code § 73.1). However, the mailing date of the Board's decision meant that Ellis had until January 20, 2021, to object to the decision in question. *Id.* The Board did not receive correspondence on or before that date, nor was there any indication that Ellis had submitted his requests to prison officials for mailing prior to that date. *Id.* Subsequently, Ellis timely filed a petition for review to this Court.

## II. ISSUES[5]

First, Ellis concedes that he did not timely appeal the Board's decision but argues that any waiver should be excused due to administrative and equitable concerns. Pet'r's Br. at 6. In his second issue, Ellis contends that the Board failed to give him credit for all time served when calculating his new maximum term, thus

---

[4] *See* Correspondence Received, 2/5/21; Administrative Remedies Form Received 3/10/21; Correspondence Received 3/31/21; Correspondence Received 8/16/21.

[5] We have reordered the issues for ease of analysis.

3

rendering his sentence illegal. *Id.* Finally, in his third issue, Ellis contends that he is being held illegally and in direct contradiction of the specific legal sentence of the trial court, *i.e.*, he requests *habeas corpus* relief. *Id.*

### III. ANALYSIS[6]

Ellis avers that this Court should not find his issues waived due to the "facts of this case." *See* Pet'r's Br. at 10. Ellis admits that his appeal was untimely filed. *Id.* However, according to Ellis, he believed that his family had hired an attorney to pursue a timely appeal, but the appeal was never filed for reasons "not of record." *Id.* Ellis also points to his first letter to the Board, dated three days *after* the appeal deadline, outlining his claim for credit, and argues that this Court has previously found that the failure of counsel to file a requested timely appeal would, if factually supported, allow waiver to be avoided. *Id.* at 10-11.

This is not an issue of waiver but, rather, an issue of subject matter jurisdiction, which we may raise at any time *sua sponte*. *Wagner v. Pa. Bd. of Prob. & Parole*, 522 A.2d 155, 157 (Pa. Cmwlth. 1987). The Board's regulations provide that petitions for administrative review "shall be received at the Board's Central Office within 30 days of the mailing date" of the challenged decision. 37 Pa. Code § 73.1(b)(1). We have held that this deadline is jurisdictional, meaning the Board lacks authority to consider untimely petitions. *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (citation omitted). An exception exists for a "showing of fraud or a breakdown of the administrative process." *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013).

---

[6] In appeals from determinations of the Board, our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. 2 Pa.C.S. § 704.

4

In the instant case, Ellis admits that his appeal to the Board was untimely filed. *See* Pet'r's Br. at 10. However, he did not plead fraud or a breakdown of the administrative process to the Board nor to this Court on appeal; thus, we have no basis upon which to consider an exception to the timeliness constraints on the Board's jurisdiction. Rather, he claims that he believed his parents had hired an attorney to file a timely appeal. *Id.* This averment is insufficient to surmount the jurisdictional time bar. *See, e.g.*, *Smith*, 81 A.3d at 1094. Accordingly, the Board properly denied Ellis's appeal as untimely filed, and we affirm. *McCullough*, 256 A.3d at 471; *Smith*, 81 A.3d at 1094; *Wagner*, 522 A.2d at 157.[7]

## IV. CONCLUSION

The Board properly dismissed Ellis's appeal as untimely. Ellis has neither pleaded nor proved an exception to the timeliness constraints on the Board's jurisdiction. Thus, we affirm.[8]

LORI A. DUMAS, Judge

---

[7] In certain cases, this Court has quashed timely appeals where the lower tribunal has lacked subject matter jurisdiction. *See, e.g.*, *Martin v. Zoning Hearing Bd. of W. Vincent Twp.*, 230 A.3d 540 (Pa. Cmwlth. 2020). In *Martin*, however, the lower tribunal had addressed the merits of a zoning matter despite lacking jurisdiction to do so. *Id.* at 542, 548. In such cases, this Court has held that where the lower tribunal lacks jurisdiction, subsequent timely appeals cannot confer subject matter jurisdiction. *See id.* at 548. The instant matter is distinguishable because, unlike *Martin*, the Board correctly determined that it lacked subject matter jurisdiction to consider Ellis's appeal. Accordingly, we affirm, rather than quash, Ellis's timely appeal from the Board's dismissal. *Cf. Martin*, 230 A.3d at 548.

[8] To the extent that Ellis challenges the legality of the sentence imposed by the trial court or attempts to raise a claim of *habeas corpus*, these claims are appropriately raised in a petition seeking post-conviction relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546; *see* 42 Pa. C.S. § 9545(a) (providing that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas").

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Trayvon Ellis,                         :
                    Petitioner         :
                                       :
         v.                            :    No. 33 M.D. 2022
                                       :
Pennsylvania Parole Board,             :
                    Respondent         :

# **O R D E R**

AND NOW, this 23rd day of January, 2023, the order of the Pennsylvania Parole Board entered in the above-captioned matter is AFFIRMED.

_____
LORI A. DUMAS, Judge