IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilberto Melendez, : 
                 Petitioner : 
                 : 
     v. : No. 929 C.D. 2021 
                 : Submitted: October 21, 2022 
Pennsylvania Parole Board, : 
                 Respondent : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: March 9, 2023

Gilberto Melendez (Melendez) petitions for review of the decision mailed July 21, 2021, by the Pennsylvania Parole Board (the Board), denying his request for administrative relief.[1] Daniel C. Bell, Esq. (Counsel), Melendez's court-appointed counsel, has filed an application to withdraw because the appeal lacks merit.[2] We grant Counsel's application to withdraw and affirm the Board's decision.

## I. BACKGROUND

On September 9, 1996, Melendez was sentenced to 7 to 26 years of incarceration with a maximum sentence date of March 21, 2022. *See* Sentence Status Summ., 4/24/97, at 1. Thereafter, following parole, revocation thereof, and conviction for new charges, the Board recalculated the controlling maximum date as September 15, 2024. *See* Not. of Bd. Decision, 9/29/11, at 1. On August 12, 2018, Melendez was reparoled. *See* Order to Release on Parole, 4/5/18, at 1-2. Shortly

---

[1] The decision is dated July 19, 2021. *See* Resp. to Admin. Remedies Form, 7/21/21.

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

thereafter, Melendez was declared delinquent, effective August 15, 2018. *See* Not. of Charges and Hr'g, 8/8/19, at 1.

On June 3, 2019, Melendez was arrested in Florida on new charges as well as violation of his parole. *See* Violation Hr'g Report, 11/2/19, at 1-6 (unpaginated); Osceoia Cnty. Unif. Charging Aff., 6/3/19, at 1-2. On November 12, 2019, Melendez was recommitted as a technical parole violator for nine months. *See* Not. of Bd. Decision, 11/12/19, at 1. On January 21, 2020, Melendez was recommitted as a convicted parole violator (CPV), to serve nine months' backtime, concurrent to the nine months previously imposed. *See* Order to Recommit, 2/7/20, at 1 (Recommitment Order).[3] The Board recalculated the maximum date as August 28, 2025. *See id.* On June 18, 2020, the Board issued a decision denying Melendez parole. *See* Not. of Bd. Decision, 6/18/20, at 1-2.

On June 29, 2020, Melendez administratively appealed the denial of parole. *See* Admin. Remedies Form, 6/29/20, at 1-2.[4] On June 18, 2021, Melendez submitted an additional administrative remedies form, purporting to appeal the Recommitment Order. *See* Admin. Remedies Form, 6/18/21, at 1.[5] The Board denied both administrative appeals. *See* Resp. to Admin. Remedies Form, 7/21/21, at 1. The Board noted that (1) there is no authorization for administrative relief from the denial of parole and (2) the appeal from the Recommitment Order was untimely. *See id.*

Melendez timely petitioned this Court for review. Counsel was appointed and filed a *Turner/Finley* letter and application to withdraw as counsel.

---

[3] The Recommitment Order was issued on January 21, 2020, but it was mailed on February 7, 2020. *See* Resp. to Admin. Remedies Form, 7/21/21, at 1.

[4] This form is hand-dated June 29, 2020; it was received on July 7, 2020.

[5] This form is hand-dated June 18, 2021; it was received on July 19, 2021.

On December 17, 2021, this Court instructed Melendez to hire new counsel or file a brief in support of his petition *pro se*. On June 3, 2022, Melendez *pro se* filed a brief raising additional issues.

## II. TURNER/FINLEY REQUIREMENTS

We first determine whether Counsel's application to withdraw complies with the *Turner/Finley* requirements. A *Turner/Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted). Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id*. (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id*.

Upon review, we conclude Counsel has satisfied the technical requirements of *Turner/Finley*. Counsel discussed the nature of his review, identified the issues raised in Melendez's administrative appeal, and explained why those issues lack merit. Counsel's Br. at 1-4. Counsel sent a copy of the brief and application to withdraw to Melendez and advised him of his right to proceed *pro se* or with new counsel. *See* Appl. to Withdraw as Counsel, 12/15/21, at 1-2; Certificate of Service, 12/15/21. Melendez has not retained new counsel but has filed a *pro se* response. Accordingly, we review the merits of Melendez's appeal.

### III. ISSUES

Counsel has identified one issue that Melendez wished to raise on appeal, namely, that his new conviction from the state of Florida, which resulted in the imposition of nine months' backtime, was not within the presumptive range for an equivalent Pennsylvania offense. *See* Counsel's Br. at 3.

In Melendez's *pro se* brief he purports to raise three additional issues. *See* Pet'r's Br. at v. First, Melendez contends that the Board abused its discretion on August 4, 2011, by failing to consider whether to grant Melendez credit for time spent at liberty on parole. *See id.* Second, Melendez argues that his procedural due process rights were violated by the fact that he was not able to challenge the Recommitment Order. *See id.* Melendez's third issue is nearly incomprehensible but appears to argue that the Board interfered with his attempts to obtain reparole. *See id.*

The Board responds that Melendez has no right to petition for review from the Board's denial of his parole, and that his attempt to challenge his recommitment as a CPV was untimely. *See* Resp't's Br. at 7-9.

### IV. ANALYSIS[6]

### A. Petition for Review of the Recommitment Order

First, Melendez challenges the Board's denial of his administrative appeal of the Recommitment Order. Counsel's Br. at 3-4. Specifically, Counsel characterizes this claim as a challenge to the imposition of nine months of backtime, asserting that this was not within the presumptive range for an equivalent

---

[6] In appeals from determinations of the Board, our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Young v. Pa. Bd. of Prob. & Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

Pennsylvania offense. *See id.* at 3. However, Counsel concedes that this administrative appeal was untimely filed. *See id.* at 3-4.

The timeliness of an administrative appeal is a jurisdictional issue. *Wagner v. Pennsylvania Board of Probation & Parole*, 522 A.2d 155, 157 (Pa. Cmwlth. 1987). The Board's regulations provide that petitions for administrative review "shall be received at the Board's Central Office within 30 days of the mailing date" of the challenged decision. 37 Pa. Code § 73.1(b)(1). We have held that this deadline is jurisdictional, meaning the Board lacks authority to consider untimely petitions. *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (citation omitted). An exception exists for a "showing of fraud or a breakdown of the administrative process." *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013).

In the instant case, Melendez's appeal is facially untimely. The Recommitment Order was mailed on February 7, 2020; accordingly, Melendez had thirty days, or until March 9, 2020, to file his appeal. He did not file an administrative remedies form until June 18, 2021, over a year too late. Further, Melendez did not plead fraud or a breakdown of the administrative process to the Board nor to this Court on appeal; thus, we have no basis upon which to consider an exception to the timeliness constraints on the Board's jurisdiction. *See, e.g.*, *Smith*, 81 A.3d at 1094. Accordingly, the Board properly denied Melendez's appeal as untimely filed, and the issue is without merit. *McCullough*, 256 A.3d at 471; *Smith*, 81 A.3d at 1094; *Zerby*, 964 A.2d at 960; *Wagner*, 522 A.2d at 157.

### B. Melendez's *Pro Se* Issues

We now turn to the issues Melendez sought to raise *pro se* in his response to Counsel's petition to withdraw. Insofar as we can interpret them,

5

Melendez seeks to challenge an August 2011 determination of the Board that denied him credit for time spent at liberty on parole, raises allegations of due process violations, and attempts to argue that the Board somehow interfered with his attempts to gain reparole. *See* Pet'r's Br. at v.

### 1. Time Spent at Liberty on Parole

Initially, Melendez argues that the determination of the Board on August 4, 2011, denying him credit for time spent at liberty on parole, was in error. *See* Pet'r's Br. at v, 2-3. Melendez is not entitled to relief for two reasons.

First, this challenge is facially untimely. As noted above, a petitioner has 30 days from the mailing date of the challenged decision to file a petition for administrative review. 37 Pa. Code § 73.1(b)(1). This deadline is jurisdictional. *See McCullough*, 256 A.3d at 471; *Wagner*, 522 A.2d at 157. Here, Melendez did not challenge the 2011 determination until 2022, eleven years later. He has not pleaded any fraud or breakdown of the administrative process. *Smith*, 81 A.3d at 1094. Accordingly, we lack jurisdiction to consider this issue. *See McCullough*, 256 A.3d at 471; *Wagner*, 522 A.2d at 157.

Further, issues not raised before the Board in an administrative appeal are waived for purposes of appellate review by this Court, and the Pennsylvania Code requires that a prisoner seeking administrative relief must specifically set forth the facts and legal basis for which relief should be granted. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); 37 Pa. Code § 71.5(h). Moreover, any issues not raised in a petition for review are deemed waived. *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 879 (Pa. Cmwlth. 2012).

Melendez did not raise this issue before the Board or in his petition for review. Accordingly, due to Melendez's failure to preserve this issue below and

6

waiver of this issue for appeal, the issue is without merit. *Chesson*, 47 A.3d at 879; *Zerby*, 964 A.2d at 960; *McCaskill*, 631 A.2d at 1094-95.

### 2. Due Process Violations

In Melendez's second *pro se* issue, he appears to assert a due process challenge. *See* Pet'r's Br. at v. Although difficult to parse, it appears that Melendez avers that his procedural due process rights were violated because his recommitment as a CPV increased the time he was required to serve and he was denied the opportunity to "effectively challenge" the recommitment order. *See id.* Again, his argument is nearly incomprehensible, but appears to contend that it was error for the Board to increase his backtime based upon out-of-state charges. *See id.* at 4.

Again, this challenge is facially untimely. As noted above, a petitioner has 30 days from the mailing date of the challenged decision to file a petition for administrative review. 37 Pa. Code § 73.1(b)(1). This deadline is jurisdictional. *See McCullough*, 256 A.3d at 471; *Wagner*, 522 A.2d at 157. Here, Melendez was recommitted as a CPV in January 2020, following the Florida arrest and charges, and did not attempt to file a form seeking administrative relief until over a year later. He has not pleaded any fraud or breakdown of the administrative process. *Smith*, 81 A.3d at 1094. Accordingly, the Board properly denied his appeal as untimely, and the issue is without merit. *McCullough*, 256 A.3d at 471; *Smith*, 81 A.3d at 1094; *Zerby*, 964 A.2d at 960; *Wagner*, 522 A.2d at 157.

### 3. Denial of Reparole

In Melendez's final *pro se* issue, he contends that the Board erred in denying his reparole after he was recommitted as a CPV. *See* Pet'r's Br. at v.

The Pennsylvania Supreme Court has held that there is no right to appellate review from a Parole Board decision denying parole under either the

7

Administrative Agency Law[7] or the Federal Constitution, since the decision does not constitute an adjudication. *See Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322-23 (Pa. 1999).

Instantly, the Board appropriately noted that "the Board's regulation authorizing administrative relief does not apply to decisions denying parole," and that, rather, the regulation applies to decisions revoking parole and recalculations based on those recommitments. *See* Resp. to Admin. Remedies Form, 7/21/21, at 1. Accordingly, the Board did not commit an error of law or violate Melendez's constitutional rights, and this issue is without merit. *Rogers*, 724 A.2d at 323; *Young*, 189 A.3d at 18 n.3; *Zerby*, 964 A.2d at 960.

## V. CONCLUSION

For these reasons, we conclude Counsel has fulfilled the requirements of *Turner/Finley*, and our independent review of the record confirms that Melendez's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw his appearance and affirm the Board's decision. *See Zerby*, 964 A.2d at 960.

LORI A. DUMAS, Judge

---

[7] 2 Pa. C.S. §§ 501-50, 701-704.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilberto Melendez,
               Petitioner

        v.

Pennsylvania Parole Board,
               Respondent

:
:
:
:  No. 929 C.D. 2021
:
:
:
:

## **O R D E R**

AND NOW, this 9th day of March, 2023, the order of the Pennsylvania Parole Board entered in the above-captioned matter is AFFIRMED, and Counsel's application to withdraw is GRANTED.

                                     

LORI A. DUMAS, Judge